REC'D FEB 2 6 2025

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

EVA ANDERSON

       *Plaintiff,*

   vs.

KENNETH L. BARITZ, ESQ.,

BARITZ LAW ASSOCIATES LLC, and

PMC PROPERTY GROUP, Inc.,

30 NORTH 23RD STREET ASSOCIATES
LLC,

RON CAPLAN,

       *Defendants.*

CIVIL ACTION

NO.: 2:24-cv-02095-GJP

## SECOND AMENDED COMPLAINT AGAINST DEFENDANT
## PMC PROPERTY GROUP, INC.

Plaintiff Eva Anderson files this Second Amended Complaint ("SAC") against

Defendants PMC Property Group, Inc. ("PMC"), 30 North 23rd Street Associates LLC

("30 N 23rd LLC"), and Ron Caplan ("Caplan"), for alleged violations of the Fair Debt

Collection Practices Act ("FDCPA"). This SAC names 30 N 23rd LLC and Caplan as

additional Defendants.

1

## I.    INTRODUCTION

On January 27, 2025, this Honorable Court granted PMC's Motion to Dismiss the Amended Complaint without prejudice, holding that Plaintiff had not plausibly alleged that PMC was a "debt collector" under the FDCPA. The statute defines a "debt collector" as an entity that regularly collects debts on behalf of another but excludes debt-collection activities that merely arise from a property manager's fiduciary relationship with a property owner. The Court found the Amended Complaint failed to allege facts suggesting PMC's role differed from that of a typical landlord–property manager relationship.

The Court granted Plaintiff leave to amend her claims against PMC to allege facts sufficient to establish that PMC qualifies as a "debt collector" under the FDCPA. Through this SAC, Plaintiff addresses the deficiencies identified by the Court in its January 27, 2025 Order and alleges facts demonstrating that PMC is, in fact, a "debt collector" under the FDCPA.

## II.    STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

Because the plaintiff is proceeding pro se, her pleadings are held to less stringent standards than those drafted by attorneys. Id. The Court liberally construes her complaint, even if inartfully pleaded.

In ruling on a Rule 12(b)(6) motion, the Court may consider the pleadings, public records, orders, exhibits attached to the complaint, and documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion is granted only if, accepting the well-pleaded allegations as true and drawing all reasonable inferences in the plaintiff's favor, the complaint fails to state a claim 1 upon which relief can be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The FDCPA is a remedial statute, and its language is broadly construed to effectuate its purpose. *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006).

To determine whether a debt collection practice violates the FDCPA, the Court applies the "least sophisticated debtor" standard. *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

This objective standard protects both the gullible and the shrewd, requiring only that the objective least sophisticated debtor would be misled or confused. *Jensen*, 791 F.3d at 419. While protecting vulnerable debtors, this standard also maintains a "quotient of reasonableness" and assumes a basic level of understanding and willingness to read carefully. *Id.* (quoting *Rosenau*, 539 F.3d at 221); *Lesher v. Law Offices of Mitchell N. Kay*, 650 F.3d 993, 997 (3d Cir. 2011) (characterizing the standard as "low"). The specific plaintiff need not prove actual confusion.

## III. ADDITIONAL DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 15, Plaintiff hereby amends the Complaint to add the following defendants:

1.  **30 North 23rd Street Associates LLC** ("30 N 23rd LLC"), a Pennsylvania limited liability company that purports to own, operate, or control the premises located at 30 North 23rd Street, Philadelphia, PA 19103 ("the Property"). Upon information and belief, 30 N 23rd LLC was formed under the direction of PMC Property Group, Inc. and/or Ron Caplan and functions as a nominal or single-purpose entity to hold title to the Property. 30 N 23rd LLC is, in reality, under the direct control and management of PMC Property Group, Inc. and Ron Caplan and is used to shield them from liability, including liability related to habitability disputes and debt collection practices.

2.  **Ron Caplan** ("Caplan"), who, upon information and belief, serves as the president, owner, or controlling individual of PMC Property Group, Inc. and 30 N 23rd LLC. Caplan exercises authority over both entities and has ultimate responsibility for the management, operation, and financial arrangements of the Property. Through his leadership positions and control, Caplan actively participates in or directs policies and practices relating to rent collection, tenant relations, and property maintenance, thereby making him jointly and severally liable for any violations alleged herein.

### Revised Parties

With the inclusion of 30 N 23rd LLC and Caplan, the parties to this action are:

- **Eva Anderson** (Plaintiff)
- **Kenneth L. Baritz, Esq.** (Defendant)
- **Baritz Law Associates LLC** (Defendant)
- **PMC Property Group, Inc.** (Defendant)
- **30 North 23rd Street Associates LLC** (Defendant)
- **Ron Caplan** (Defendant)

## IV.    FDCPA ELEMENTS

### (A) Plaintiff is a Consumer

The plaintiff, Eva Anderson, is a "consumer" as defined by 15 U.S.C. § 1692a(3). The plaintiff's obligation to pay rent arises from a lease for her personal residence.

### (B) The Alleged Debt is a Consumer Debt

The debt at issue—unpaid residential rent—qualifies as a "debt" under 15 U.S.C. § 1692a(5), in that it arises from a transaction for personal, family, or household purposes (i.e., renting a personal residence).

### (C) Defendants Qualify as Debt Collectors

Although Defendants purport to be a landlord or property manager, they acted as "debt collectors" as defined in 15 U.S.C. § 1692a(6). In particular:

- **(i)** Defendants regularly seek to collect allegedly unpaid rent through litigation, including in Municipal Court and the Court of Common Pleas, on behalf of nominal entities such as 30 N 23rd LLC.

- **(ii)** Defendants use third-party law firms (e.g., Baritz Law) in ways designed to create the false impression that a disinterested third party is collecting the debt, triggering FDCPA liability under the "false name exception."

- **(iii)** Defendants exercise near-total control over the rent-collection process, including directing counsel when and how to file lawsuits, signing verifications, misrepresenting the status of rental licenses,

and concealing code violations, all to collect unpaid rent in violation

of the FDCPA.

**(D) Violations**

By engaging in the conduct detailed in Section VI of this Complaint—filing

misleading and false verifications, concealing the invalidity of the rental license,

and forging ahead with summary eviction proceedings in contravention of local

law—Defendants engaged in unfair and deceptive debt-collection tactics in

violation of the FDCPA (15 U.S.C. §§ 1692d, 1692e, and 1692f, among other

sections).

## V. ARGUMENT

**PMC is not a bona fide property management company.**

Although PMC describes itself as a property manager for third-party landlords,

this is inaccurate.

According to a short biography of Ron Caplan posted on PMC's corporate

website (https://www.pmcpropertygroup.com/corporate/team-members/ron-caplan)

"[Ron Caplan]started with the purchase of several single-family homes
soon expanded into a collection of multi-unit housing ventures located throughout
the city of Philadelphia. **Ron founded PMC Property Group (then called
Philadelphia Management Company) in 1981 when the number and size of
his properties had grown robust enough to require the services of a
management company.** Since that time, Ron has also assembled a
general-contracting division within PMC Property Group, making the company a
full-service developer focused on adaptive-reuse projects spanning the East
Coast." *See* Exhibit 1.

The biography confirms that Ron Caplan owns all properties managed by PMC.

PMC's LinkedIn page describes the company in the following way:

"Philadelphia-based PMC Property Group is a **vertically integrated real
estate development company** focusing on the new construction, renovation,

adaptive reuse, and conversion of urban commercial buildings into modern residential apartments and commercial spaces in 13 cities across eight states, including Philadelphia, Pittsburgh, Hartford, New Haven, Baltimore, Richmond, Winston-Salem, Columbia, Tampa, and Miami. " (https://www.linkedin.com/company/pmc-property-group-inc/about/) See Exhibit 2.

**Alter Ego / Single-Purpose Entity**

30 N 23rd LLC operates as an alter ego or mere instrumentality of PMC Property Group, Inc. and Ron Caplan. It lacks independent assets or business operations beyond nominal property ownership and is subject to the unilateral control of Caplan and PMC, as demonstrated by **deed records.**

Originally, the property was owned by 2301 JFK Owner LP, a Delaware limited partnership where 2301 JFK Owner General Partner GP was a partner. See Exhibit 3 p. 4 Deed signature of President Ron Caplan).

The next owner was 23rd Street Lot B Owner LLC, a Pennsylvania limited liability company. See Exhibit 4, p. 11, deed signature of President Ron Caplan.

Then, 23rd Street Lot B Owner LLC changed the name to 30 North 23rd Street Associates LLC. See Exhibit 5 p.1 ¶ 1, p.3 signature of Ron Caplan as manager of 30 North 23rd Street Associates, LLC.

Plaintiff has examined more than 20 property records (only records pertaining to 30 North 23rd Street are attached as exhibits) for various properties controlled by PMC, all of which function as alter egos of PMC, with Caplan serving as general partner, president, or manager. Each of these entities, including 30 N 23rd LLC, is registered at 1608 Walnut Street, 14th Floor, Philadelphia, PA 19103, which is PMC's corporate office.

Therefore, Plaintiff contends that PMC, Ron Caplan, and 30 North LLC are creditors and that PMC is not a bona fide property management company.

**Creditor considered as debt collector**

"Generally, the FDCPA does not apply to creditors attempting to collect on their own debts since creditors are "presumed to retain their abusive collection practices out of a desire to protect their corporate good will …." Pollice v. National Tax Funding, L.P., 225 F.3d 379, 403 (3d Cir. 2000) (quotations omitted); see also 15 U.S.C. § 1692(a)(6)(A); Oldroyd v. Associates Consumer Discount Co., 863 F. Supp. 237, 241 (E.D. Pa. 1994). However, the FDCPA applies to a creditor "who, in the process of collecting his own debts, uses any name other than his own which [*10] would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). Thus, when a creditor either uses an alias or "control[s] almost all aspects of debt collection," he is considered a "debt collector" as defined by the FDCPA. Flamm v. Sarner & Assoc., No. Civ. A. 02-4302, 2002 U.S. Dist. LEXIS 22255, at *10 (E.D. Pa. Nov. 6, 2002) (quotations omitted)."

*Daniels v. Baritz,* 2003 U.S. Dist. LEXIS 7707, *9-10

**Participation in Debt Collection Practices**

Through its name and corporate existence, 30 N 23rd LLC serves as the ostensible "landlord" in rent-collection proceedings against tenants, including Plaintiff, but the actual decision-making and management originate from PMC Property Group and Caplan. Thus, 30 N 23rd LLC is jointly responsible for the abusive or misleading practices alleged in the Fair Debt Collection Practices Act ("FDCPA") claims herein. PMC controls nearly all aspects of debt collection, from initiating the collection action to directing collection attorney Baritz through every step of the process.

**Direct and Personal Involvement by Caplan**

At all relevant times, Caplan exercised managerial control over rent collection, property management policies, and legal strategies employed against Plaintiff. Caplan's name appears on the Property deeds as the sole General Partner, President, or "manager," underscoring his comprehensive authority over the entities. His active participation and decision-making render him jointly liable for the violations alleged in this Complaint, including those under the FDCPA and any common-law or statutory claims pleaded herein.

**Using an alias when collecting debt**

By using Baritz's name and status as an attorney to collect on their debts, defendants fall within the definition of "debt collector" pursuant to the FDCPA. *See, e.g., Zhang v. Haven-Scott Assoc.*, No. Civ. A. 95-2126, 1996 U.S. Dist. LEXIS 8738, at *31 (E.D. Pa. June 21, 1996). Cited in *Daniels v. Baritz*, 2003 U.S. Dist. LEXIS 7707, *10

**Egregious debt collecting practices.**

Although creditors are generally not considered "debt collectors" under the FDCPA, courts have found that engaging in egregious collection practices may subject them to FDCPA liability. See *Vincent v. The Money Store*, 736 F.3d 88 (2d Cir. 2012).

"Egregious" is a term used to describe conduct that is flagrant or outrageous in comparison to a normal standard of behavior. In general, "egregious" applies to situations where a person intentionally commits an act or omission with knowledge that it violates the law.

Defendants engaged in egregious collection practices, employed deceptive acts, and made false misrepresentations, effectively gaming the system so that none of Plaintiff's defenses had any effect.

## VI.  ALLEGATIONS

Plaintiff incorporates by reference all preceding paragraphs of the Complaint and Amended Complaint as if fully set forth herein and alleges that:

PMC and 30 North 23rd LLC  initiated all eviction proceedings against the Plaintiff, indicating that its role was central—rather than incidental—to the debt-collection scheme. Under Philadelphia law, strict compliance with eviction procedures is mandatory. Specifically, Section 9-3903(1)(a) requires the landlord to provide a Certificate of Rental Suitability (CRS) at the inception of tenancy—obtained no more than 60 days beforehand—and to hold a valid rental license throughout the eviction process. The CRS is also a statutory prerequisite for collecting rent. Despite knowing that, without the CRS, rent was uncollectible, the landlord still proceeded with eviction efforts, demonstrating flagrant disregard and willful disobedience of the Philadelphia Code.

Specifically, PMC and 30 North 23rd LLC submitted a verification attesting that all information included in the Municipal Court Complaint is true. See the verification form signed by Diane Green, PMC employee,  who this time identified herself as acting on behalf of 30 N 23rd LLC.  *See* Exhibit 6.

PMC and 30 North 23rd LLC misled the Municipal Court by claiming it held a valid Rental License for each month in which unpaid rent was sought, even though the property did not have a valid license in October 2023. See Exhibit 7 p. 1 ¶4.

Directed by PMC and 30 North 23rd LLC, Baritz presented a Certificate of Rental Suitability to Municipal Court, dated September 9, 2022, in an attempt to demonstrate compliance with Section 9-3903 of the Philadelphia Code. However, this certificate was issued seven months after the tenancy began, failing to meet the requirement that it be issued within sixty days prior to the tenancy's inception. Therefore, the PMC and 30 North 23rd LLC's claim of compliance was misleading.

Following the principle that 'a statement is either true or false,' as established in *Jensen v. Pressler & Pressler,* 791 F.3d 413, 420 (3d Cir. 2015) the claim that the Certificate of Rental Suitability (CRS) obtained on September 9, 2022, was provided at the tenancy's inception on February 25, 2022, is demonstrably false due to the seven-month gap. This false statement constitutes egregious behavior.  See Exhibit 8 p. 1 section III..

The PMC and 30 North 23rd LLC  further misrepresented to the court that they had no knowledge of open notices of violation. *See* Exhibit 8, p.2, section VI.  This statement is demonstrably false, as the landlord and the Riverwalk complex were cited with more than 74 violations.

During the Municipal Court proceedings in May 2024, the PMC and 30 North 23rd LLC  was unable to obtain a Certificate of Rental Suitability due to outstanding violations and the absence of a valid rental license. Nevertheless, the PMC and 30 North 23rd LLC directed Baritz to mislead the Court by claiming to possess a valid rental license, thereby securing a judgment. *See* Exhibit 9, p.1 ¶ 4, Notice of Non-compliance in other Municipal Court case involving same property..

Furthermore, the PMC and 30 North 23rd LLC misrepresented which lease agreement formed the basis of the alleged debt. In all pleadings, the landlord provided a copy of the lease agreement dated February 25, 2022. However, that lease, a fixed-term agreement, expired on March 24, 2023. The plaintiff subsequently entered into a new lease agreement with the landlord on March 25, 2023, for a fixed term ending March 24, 2024.

The plaintiff's tenancies were each established by discrete lease agreements, consistent with the established principles of contract law that govern the formation and execution of leases, as articulated in *Pugh v. Holmes.*

Therefore, the second lease agreement was neither an amendment nor an extension of the first, contrary to the landlord's claims in their Court of Common Pleas Complaint, where they incorrectly asserted that the plaintiff entered into two lease agreements on February 25, 2022. Applying the principle that 'a statement is either true or false,' as established in *Jensen v. Pressler & Pressler*, the landlord's statement is demonstrably false and constitutes egregious behavior.

Litigants in adversarial proceedings have a fundamental duty of candor and full disclosure to the Court. (*See*: Model Rules of Professional Conduct Rule 3.3 (Am. Bar Ass'n 1983)). The landlord's concealment of their Rental License suspension in May 2024 constitutes a fraudulent subversion of the judicial process, which resulted in the improper continuation of the summary eviction proceeding in Municipal Court.

Therefore, it is evident that the PMC and 30 North 23rd LLC provided false statements to initiate debt-collecting proceedings against the plaintiff, which constitutes egregious behavior.

By hiring the law firm under the name 'Baritz and Baritz Law' for representation in the Free Eviction Diversion Program, the PMC and 30 North 23rd LLC created a false impression that 'Baritz and Baritz Law' was the landlord. As a result, the creditors involved may be liable for FDCPA violations through the false name exception.

On August 5, 2023, Plaintiff received in the form of text message the following information: "This is an update regarding Applicant ID EVP-itx2s6hj7 for the property at 30 North 23rd Street for tenant(s)EVA ANDERSON and LANDLORD KENNETH BARITZ". *See* Exhibit 10.

The plaintiff received similar notices regarding the landlord's second attempt to commence the eviction proceeding on November 28, 2023: "Your landlord's application EVP-irmzb6pdj was approved on 11-28-2023 for the City's free Eviction Diversion Program to help parties reach agreements to avoid eviction. You have 30 days to contact your landlord 2301 JFK OwnerLP 2301 JFK Owner LO at Heather @Baritzlaw.com to discuss options to divert a court filing. They may file after. " See Exhibit 11.

If a creditor, while collecting its own debts, employs a third party solely to misrepresent to debtors that the third party is collecting the creditor's debts, and the third party fails to make any genuine efforts to collect those debts, the creditor is exposed to FDCPA liability through the false name exception.

It is noteworthy that Diane Green, an employee of PMC, who purported to be the plaintiff when testifying during trial in the Court of Common Pleas, appeared before the Court on multiple occasions: February 8, 2024, and May 16, 2024, in Municipal Court and October 21, 2024, in the Court of Common Pleas. The consistent presence of Ms. Green in these legal proceedings supports the conclusion that the landlord was engaged in

a pattern of debt collection activity, specifically seeking to obtain a judgment for allegedly unpaid rent from the plaintiff in this case."

 *See: Livingstone v. Haddon Point Manager, LLC,* CIVIL 19-13412 (RBK/AMD), 23 (D.N.J. Dec. 27, 2023) "Thus, for the purposes of the Motion, the Court holds that Mr. Rotsides, Mr. Richards, and Weishoff & Richards are all debt collectors under the FDCPA." *Livingstone v. Haddon Point Manager, LLC,* CIVIL 19-13412 (RBK/AMD), 23 (D.N.J. Dec. 27, 2023) "Given that Mr. Rotsides allegedly appeared in court several times on behalf of Haddon Point Manager-a fact Defendants do not contest-a fact finder could conclude that he "regularly" engaged in debt collection activities, namely, trying to secure back rent from Plaintiff via litigation."

 Additionally, Diane Green, while acting on behalf of the landlord, made a false representation of material fact to the court, knowing that such false representation is detrimental to the outcome of the lawsuit. See: *McLean v. Sumitra,* 2024 U.S. Dist. LEXIS 175461, *25-26: Specifically, she claimed that the property had a valid rental license in May 2024, contradicting the Municipal Court records from a separate case involving the same property. *See* Exhibit 9, p.1 ¶ 4,

 FDCPA bars debt collectors from taking unlawful steps. *Parker v. Pressler & Pressler, LLP,* 650 F. Supp. 2d 326, 2009 U.S. Dist. LEXIS 55395 (D.N.J. 2009).15 USCS § 1692d.

 Despite pending litigation in state court, Diane Green continues to send payment demands, now signed 'Sincerely, 30 North 23rd Street Associates, LLC By: PMC Property Group, Inc., Its Managing Agent." *See* Exhibit 12 pp.5-9. This change in signature occurred after the FDCPA litigation commenced, and PMC claimed the

property manager exception. Previously, when the plaintiff, confused about the landlord's identity, emailed Diane Green with that question, she responded that PMC was the landlord. Despite the plaintiff sending a cease and desist letter to PMC's attorney, Mr. Twardowski, the debt collection actions did not cease. *See* Exhibit 12 pp.1-4, 9.

PMC and 30 North 23rd LLC engaged in a series of actions that may constitute violations of the law and, therefore, egregious behavior. Specifically, PMC directed Baritz to improperly enter a judgment in the Court of Common Pleas on November 5, 2024, notwithstanding the pendency of a Motion for Post-Trial Relief. Subsequently, PMC directed Baritz to improperly obtain a Writ of Possession and to execute an unlawful eviction of the plaintiff. Further, PMC directed Baritz to improperly withdraw escrow funds (supersedeas) using the invalid Writ of Possession, which he did on November 20, 2024.

Moreover, after the plaintiff successfully petitioned the Office of Judicial Records to strike the aforementioned judgment and Writ of Possession, PMC directed Baritz to undertake a further unlawful attempt to evict the plaintiff. On December 17, 2024, an unidentified individual affixed a two-day eviction notice to the plaintiff's residence. *See* Exhibit 13.

Upon inquiry with the Sheriff's Office, the plaintiff was informed that no eviction proceeding was scheduled for her address, and she was advised to contact law enforcement authorities in the event that any person attempted to remove her from the premises forcibly.

When the plaintiff contacted PMC attorney Twardowski and requested to preserve the surveillance video from her floor at the time the fake eviction notice was posted, she

received a response: " My client was apprised of your request and attempted to obtain the video footage but was unable to do so, as the system had frozen and was not capturing footage in the area and during the time frame identified." *See* Exhibit 14.

Claim that the surveillance system froze implies either evidence spoliation or a suspicious attempt to withhold footage, which might justify an adverse inference. The inference is that the evidence would have been unfavorable to the PMC position.

## VII.    CONCLUSION

In sum, PMC is operating as more than just a property manager because it effectively owns or controls the properties it purports to manage, and it initiates and directs rent-collection actions in its own interest rather than merely acting for an independent landlord. By using outside counsel name and alternate names to collect alleged debts, and by controlling nearly all aspects of that collection—including misleading filings and evictions—PMC falls squarely within the FDCPA's definition of a "debt collector."

## RELIEF REQUESTED

WHEREFORE, the Plaintiff, Eva Anderson, respectfully requests that judgment be entered against Defendants for the following:

A.  Actual damages;

B.  Statutory damages pursuant to 15 U.S.C. § 1692k;

C.  Costs pursuant to 15 U.S.C. §§ 1692k, 1692e, e(2), and e(10); and

D.  For other such relief as the Court may deem just and proper.

Dated: February 26, 2024.

Respectfully submitted,

*Eva Anderson*

Eva Anderson, *Pro Se*
30 North 23rd Street, Apt. 1014
Philadelphia, PA 19103
(215) 609-5810
eva.anderson.kaden@gmail.com

# EXHIBIT 1

2/26/25, 9:50 AM

Ron Caplan | PMC Property Group Apartments

# PMC Property Group
## CORPORATE INFORMATION



MENU



# Ron Caplan
President

A native of New England, Ron Caplan studied business management at Northeastern University before relocating to the Philadelphia area and launching his career in real estate development. In 1978, what started with the purchase of several single-family homes soon expanded into a collection of multi-unit housing ventures located throughout the city of Philadelphia. Ron founded PMC Property Group (then called Philadelphia Management Company) in 1981 when the number and size of his properties had grown robust enough to require the services of a management company. Since that time, Ron has also assembled a general-contracting division within PMC Property Group, making the company a full-service developer focused on adaptive-reuse projects spanning the East Coast. Known for a skillful attention to details, Ron takes a detailed, personal approach to overseeing PMC's extensive real estate holdings and the company's future growth. Under his strategic direction, the company has become the largest owner/operator of rental units in the city of Philadelphia.

BACK TO TEAM PAGE

© 2025 PMC PROPERTY GROUP, INC.



# EXHIBIT 2

🚫 Emails aren't getting through to one of your email addresses. Please **update or confirm** your email. **More info**

   Home   My Network   Jobs   Messaging   Notifications   Me ▾   For Business ▾   Retry Premium



## PMC Property Group, Inc 🛡

**Creating Thriving Rental Communities in the East Coast's Most Sought-After Urban Centers**

Real Estate · Philadelphia, PA · 3K followers · 201-500 employees

[ + Follow ]   [ ✈ Message ]   (···)

Home   **About**   Posts   Jobs   People

## Overview

Philadelphia-based PMC Property Group is a vertically integrated real estate development company focusing on the new construction, renovation, adaptive reuse, and conversion of urban commercial buildings into modern residential apartments and commercial spaces in 13 cities across eight states, including Philadelphia, Pittsburgh, Hartford, New Haven, Baltimore, Richmond, Winston-Salem, Columbia, Tampa, and Miami.

**Website**
http://www.pmcpropertygroup.com

**Phone**
(215) 241-0200

**Verified page** 🔏
September 12, 2023

**Industry**
Real Estate

**Company size**
201-500 employees
200 associated members 🔏

**Headquarters**
Philadelphia, PA

**Founded**
1981

## Locations (1)

**Primary**

**Headquarters**
1608 Walnut Street, Suite 1400, Philadelphia, PA 19103, US

1/3

EXHIBIT 3



Doc Id: 53305288          D
12/19/2017  11:38 AM     Page 1 of 12

This Document Recorded       Doc Id: 53305288  Doc Code: D
12/19/2017   11:38 AM  Receipt #:17-130194
Rec Fee: $256.75   State RTT: $0.00  Local RTT: $0.00
Records Department, City of Philadelphia              PU

**PREPARED BY:**
Kevin Golden, Esquire
Cozen O'Connor
One Liberty Place, Suite 2800
1650 Market Street
Philadelphia, PA 19103

**RECORD AND RETURN TO:**
Cozen O'Connor
One Liberty Place, Suite 2800
1650 Market Street
Philadelphia, PA 19103
Attn: Carol Broderick, Paralegal

**Tax Parcel Nos.**    88-5-8772-22  (2301 John F. Kennedy Boulevard)
88-1-5539-96  (30 N. 23rd Street)
88-1-5539-98  (60 N. 23rd Street)

## DEED OF CONFIRMATION

**THIS INDENTURE** made this 15th day of December, 2017, between **2301 JFK**

**OWNER LP**, a Delaware limited partnership (hereinafter called the **"Grantor"**), and **2301 JFK**

**OWNER LP**, a Delaware limited partnership (hereinafter called the **"Grantee"**).

**Witnesseth,** that the said **Grantor**, for and in consideration of the sum of **ONE**

**DOLLAR ($1.00)**, lawful money of the United States, and other good and valuable

consideration, unto it well and truly paid by the said **Grantee**, at and before the sealing and

delivery of these presents, the receipt whereof is hereby acknowledged, has conveyed, granted,

bargained, sold, released and confirmed, and by these presents does convey, grant, bargain, sell,

release and confirm unto the said **Grantee**, its successors and assigns:

ALL THOSE CERTAIN lots, pieces or parcels of land, situate in the City of Philadelphia, County of Philadelphia and Commonwealth of Pennsylvania, known as Parcel "A", Parcel "B" and Parcel "C" on a Plan entitled Plan of Lot Adjustment prepared by TEI Consulting Engineers, Inc., dated April 3, 2017, last revised July 13, 2017 and being more particularly described on Exhibit "A" attached hereto and made a part hereof.

BEING the same premises which Garrison River City LLC, a Delaware limited liability company, by Deed dated July 9, 2015 and recorded in the Department of Records in and for the City and County of Philadelphia on July 16, 2015 as Document ID No. 52941419, granted and conveyed unto 2301 JFK Owner LP, a Delaware limited partnership, in fee.

This Deed of Confirmation is made for nominal consideration between identical parties for the sole purpose of confirming of record the legal description, tax parcel numbers and addresses of the above described premises pursuant to the Plan of Lot Adjustment referred to above, a copy of which is attached hereto and made a part hereof as Exhibit "B".

UNDER AND SUBJECT to matters of record, to the extent valid and enforceable and still applicable to the above described premises.

TOGETHER with all and singular the buildings, improvements, streets, alleys, passages, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever, of it, the said Grantor, in law, equity, or otherwise howsoever, of, in, and to the same and every part thereof.

2

**TO HAVE AND TO HOLD** the said lot or piece of ground above described, with the buildings and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances unto the said **Grantee**, its successors and assigns, to and for the only proper use and behoof of the said **Grantee**, its successors and assigns forever, **SUBJECT** as aforesaid.

**AND** the said **Grantor**, for itself and its successors, does by these presents, covenant and agree, to and with the said **Grantee**, its successors and assigns, that it, the said **Grantor** and its successors, all and singular the hereditaments and premises herein above described and granted, or mentioned and intended so to be, with the appurtenances, unto the said **Grantee**, its successors and assigns, against it, the said **Grantor** and its successors, and against all and every other person or persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from, or under it, them, or any of them, shall and will, **SUBJECT** as aforesaid, **WARRANT** and forever **DEFEND**.

*(Signatures contained on following page)*

3

**IN WITNESS WHEREOF**, the **Grantor** has executed this Deed as of the day and year first above written.

> 2301 JFK OWNER LP, a Delaware limited partnership
>
> By:   2301 JFK Owner General Partner LP, a Delaware limited partnership, its general partner
>
> By:  2301 JFK Owner General Partner GP LLC, a Delaware limited liability company, its general partner
>
> By: _____
> Name: Ronald L. Caplan
> Title: President

4

COMMONWEALTH OF PENNSYLVANIA    :

                                          : SS.

COUNTY OF _Philadelphia_    :

      ON THIS, the _15_ day of _December_, 2017, before me, the undersigned officer, a Notary Public, personally appeared _Ronald L. Caplan_ who acknowledged himself to be the ~~XXXXXXXXXXXXXX~~ * of 2301 JFK OWNER GENERAL PARTNER GP LLC, the General Partner of 2301 JFK OWNER GENERAL PARTNER LP, the General Partner of 2301 JFK OWNER LP, a Delaware limited partnership, and further acknowledged that he, as such Officer and being authorized to do so, executed the foregoing instrument for the purposes therein contained and in the capacity as stated.

      **IN WITNESS WHEREOF**, I hereunto set my hand and official seal.

\* President

                           _Rose Marie Verrecchio_
                                Notary Public

```
Commonwealth of Pennsylvania - Notary Seal
ROSE MARIE VERRECCHIO, Notary Public
Philadelphia County
My Commission Expires November 1, 2021
Commission Number 1216234
```

```
Commonwealth of Pennsylvania - Notary Seal
ROSE MARIE VERRECCHIO, Notary Public
Philadelphia County
My Commission Expires December 1, 2021
Commission Number 1216234
```

The address of the within-named Grantee is:
c/o PMC Property Group, Inc.
1608 Walnut Street, Suite 1400
Philadelphia PA 19102

                _Kevin Gahlen_
                On Behalf of the Grantee

LEGAL\32910912\1 19314.0001.000/385938.000

## EXHIBIT "A"

### PARCEL "A"

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia, and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consulting Engineers, Inc., as follows:

BEGINNING AT A POINT On The Westerly Line Of 23rd St. (50 Feet Wide) At The Point Of Intersection With The Northerly Line Of JFK Boulevard (80 Feet Wide); and extending the following 5 courses and distances: (1) Along Said Northerly Line Of JFK Blvd  North 78 Degrees 59 Minutes 00 Seconds West, 362.739 Feet To A Point On The Schuylkill River East Side Railroad Company; (2) North 19 Degrees 3 Minutes 29 Seconds East Along Said Easterly Line 191.520 Feet To A Point; (3) South 64 Degrees 00 Minutes 37 Seconds East, 77.316 Feet To A Point; (4) Thence Along A Curve To The Left Having A (Chd Bearing South 67 Degrees 49 Minutes 17 Seconds East, Chd Dist 266.994 Feet) Radius Of 2008.483 Feet, The Arc Distance Of 267.191 Feet To A Point; (5) Thence Along The Aforementioned Westerly Side Of 23rd Street South 11 Degrees 21 Minutes 00 Seconds West, 117.978 Feet To The Point Of Beginning.

### PARCEL "B"

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia, and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consulting Engineers, Inc., as follows:

Beginning At A Point On The Westerly Line Of 23rd St. (50 Feet Wide) at the Point Of Intersection With The Southerly Line Of Arch Street (72 Feet Wide) Produced Westwardly; and extending the following 5 courses and distances: (1) South 11 Degrees 21 Minutes 00 Seconds West Along Said Westerly Line Of 23rd Street 179.023 Feet To A Point; (2) Thence Along A Non Tangent Curve, Curving To The Right Having A (Chd Bearing North 67 Degrees 49 Minutes 17 Seconds West, Chd Dist 266.994 Feet) Radius Of 2008.483 Feet, The Arc Distance Of 267.191 Feet To A Point; (3) North 64 Degrees 00 Minutes 37 Seconds West, 77.316 Feet To A Point On The Schuylkill River East Side Railroad Company; (4) North 19 Degrees 3 Minutes 29 Seconds East Along Said Easterly Line 108.424 Feet To A Point; And (5) South 78 Degrees 59 Minutes 00 East, 322.508 Feet To The Point Of The Beginning.

### PARCEL "C"

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia, and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consulting Engineers, Inc., as follows:

Beginning At A Point Where The Westerly Side Of 23rd Street (50 Feet Wide) Meets The Southerly Side Of Cherry Street (40 Feet Wide); and extending the following 6 courses and distances: (1) South 11 Degrees 21 Minutes 00 Seconds West Along The Said Westerly Side Of 23rd Street And Crossing The Easterly End Of Former Arch Street (72 Feet Wide), stricken from the city plan and vacated but reserved as a right of way for sewer purposes) A Distance Of 357.001 Feet To A Point On The Westerly End Of Said Former Arch Street; (2) North 78 Degrees 59 Minutes 00 Seconds West A Distance Of 322.508 Feet To A Point On The Easterly Line Of The Schuylkill River East Side Railroad; (3) North 19 Degrees 3 Minutes 29 Seconds East Along The Said Easterly Line A Distance Of 171.009 Feet To A Point; (4) Northeastwardly along said easterly line on the arc of a circular curve to the left having a (Chd Bearing North 15 Degrees 44 Minutes 44 Seconds East, Chd Dist 135.901 Feet) Radius Of 1,176.00 Feet A Distance Of 135.976 Feet To A Point; (5) Northeastwardly along the arc of a circular curve to the left having a (Chd Bearing North 16 Degrees 50 Minutes 32 Seconds East, Chd Dist 52.501 Feet)Radius Of 1214.724 Feet A Distance Of 52.505 Feet To A Point On The Said Southerly Side Of Cherry Street; And (6) South 78 Degrees 59 Minutes 00 Seconds East Along The Said Southerly Side Of Cherry Street Distance Of 284.130 Feet Back to the Point Of Beginning.

LEGAL\32910912\1 19314.0001.000/385938.000



Exhibit "B"
(Page 1)



Exhibit "B"
(Page 2)

## GENERAL AFFIDAVIT

**City of Philadelphia**
**Records Department**

**BEFORE ME,** the undersigned Notary, _Lisa A. Gangloff_, on this _18th_ day of December, 2017, personally appeared Kevin Golden, Esquire, known to me to be a credible person and of lawful age, who being by me first duly sworn on his oath, deposes and says:

In accordance with Section 2-200 of the City of Philadelphia Code of Ordinances, the attached Deed is being filed by COZEN O'CONNOR, a Law Firm, located at:

One Liberty Place, Suite 2800
1650 Market Street
Philadelphia, PA  19103

The attached Deed submitted for recording is for the following property addresses:

2301 John F. Kennedy Boulevard
30 N. 23rd Street
60 N. 23rd Street
Philadelphia, PA  19103

Kevin Golden, Esquire
Bar ID # _309650_
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA  19103

Subscribed and sworn to before me, this _18th_ day of December, 2017.

_____
Signature of Notary Public

_Lisa A. Gangloff_
Printed Name of Notary Public

**NOTARY PUBLIC**

My commission expires: _11/29/2018_

[NOTARY SEAL]

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Lisa A. Gangloff, Notary Public
City of Philadelphia, Philadelphia County
My commission expires November 29, 2018

LEGAL\33748411\1 19314.0001.000/385938.000

# PHILADELPHIA REAL ESTATE
# TRANSFER TAX CERTIFICATION

| BOOK NO. | PAGE NO. |
|---|---|

DATE RECORDED
CITY TAX PAID

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed, if more space is needed, attach additional sheet(s).

## A. CORRESPONDENT — All inquiries may be directed to the following person:

TELEPHONE NUMBER:
AREA CODE 215 587-6085

NAME Andrew S Stavin

STREET ADDRESS 1668 Walnut Street Suite 600   CITY Phila   STATE Pa   ZIP CODE 19103

DATE OF ACCEPTANCE OF DOCUMENT: 12/15/2017

## B. TRANSFER DATA

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| 2301 JFK Owner LP | 2301 JFK Owner LP |
| STREET ADDRESS c/o PMC Property Group, 1608 Walnut St. Suite 1400 | STREET ADDRESS c/o PMC Property Group, 1608 Walnut St. Suite 1400 |
| CITY Philadelphia   STATE PA   ZIP CODE 19102 | CITY Philadelphia   STATE PA   ZIP CODE 19102 |

## C. PROPERTY LOCATION

| STREET ADDRESS See Attachment | CITY, TOWNSHIP, BOROUGH Philadelphia |
|---|---|
| COUNTY Philadelphia | SCHOOL DISTRICT Philadelphia | TAX PARCEL NUMBER See Attachment |

## D. VALUATION DATA

| 1. ACTUAL CASH CONSIDERATION $1.00 | 2. OTHER CONSIDERATION + $0.00 | 3. TOTAL CONSIDERATION = $1.00 |
|---|---|---|
| 4. COUNTY ASSESSED VALUE See Attachment | 5. COMMON LEVEL RATIO FACTOR X 1.01 | 6. FAIR MARKET VALUE = See Attachment |

## E. EXEMPTION DATA

| 1A. PERCENTAGE OF EXEMPTION 100.0 | 1B. PERCENTAGE OF INTEREST CONVEYED 100.0 |
|---|---|

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____
                                    (NAME OF DECEDENT)              (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $_____

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____, Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☒ Other (Please explain exemption claimed, if other than listed above.) Deed of Confirmation between identical parties made for the sole purpose of confirming of record the legal description and tax parcel numbers pursuant to Plan of Lot Adjustment prepared by TEI Consulting Engineers dated 4/3/17, last revised 7/13/17.

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY                    DATE 12/14/2017

02-127 (Rev. 6/93)                                              (SEE REVERSE)

## ATTACHMENT TO PENNSYLVANIA REALTY TRANSFER
### TAX STATEMENT OF VALUE
### AND
### PHILADELPHIA REAL ESTATE TRANSFER
### TAX CERTIFICATION

**Grantor:**       2301 JFK Owner LP

**Grantee:**       2301 JFK Owner LP

**Date of Deed:**  December _15_, 2017

| Address | Tax Parcel No. | Assessed Value | Computed Value |
|---|---|---|---|
| 2301 John F. Kennedy Blvd. | 88-5-8772-22 | Not yet separately assessed | N/A |
| 30 N. 23rd Street | 88-1-5539-96 | Not yet separately assessed | N/A |
| 60 N. 23rd Street | 88-1-5539-98 | Not yet separately assessed | N/A |

# EXHIBIT 4

eRecorded in Philadelphia PA   Doc Id: 53536008
07/10/2019 12:51 PM    Page 1 of 11    Rec Fee: $256.75
Receipt#: 19-66962
Records Department    Doc Code: DM

Tax Parcel ID Number: 88-1-5539-96

The instrument was prepared by
and after recording return to:

Steven A. Shoumer, Esq.
Blank Rome LLP
One Logan Square
Philadelphia, Pennsylvania 19103
(215) 569-5756
Fax: (215) 832-5756

---

**SPACE ABOVE THIS LINE FOR RECORDER'S USE**

## ASSIGNMENT OF LEASES AND RENTS

**THIS ASSIGNMENT OF LEASES AND RENTS** (the **"Assignment"**) is made the 27th day of June, 2019, and effective as of the 3rd day of July, 2019, from **23RD STREET LOT B OWNER, LLC**, a Pennsylvania limited liability company, with an address of c/o PMC Property Group, 1608 Walnut Street, Suite 1400, Philadelphia, PA 19103 (hereinafter called **"Borrower"**), to and for the benefit of **SANTANDER BANK, N.A.**, a national banking association, with an address of Mail Code: 20-210-AB25, 1500 Market Street, 25th Floor West Tower, Philadelphia, Pennsylvania 19102 (hereinafter called **Administrative Bank"**), individually and in its capacity as bank and as administrative agent and lead arranger for the benefit of itself and for the ratable benefit of any other Banks (as defined in the Loan Agreement (as defined below)).

### RECITALS:

A.    Borrower and Administrative Agent have entered into a Construction Loan Agreement dated of even date herewith (as the same may be amended, supplemented or modified, hereinafter called the **"Loan Agreement"**), pursuant to which the Banks have agreed to loan to Borrower up to $19,800,000.00 (the **"Loan"**) for the purpose of financing certain expenses related to the Project, including funding certain closing costs in connection with the Loan, as provided for in the Loan Agreement. Capitalized terms used without further definition herein shall have the meaning set forth in the Loan Agreement.

B.    In accordance with the Loan Agreement, Borrower has executed and delivered those certain Promissory Notes, dated of even date herewith, in the aggregate principal amount of $19,800,000.00 to Administrative Agent for the benefit of Banks (as the same may be amended, supplemented or modified, hereinafter called the **"Note"**).

C.    To secure payment and performance of the obligations of Borrower under the Loan Agreement and the Note, and as a source of future repayment of the Loan, Borrower has executed and delivered an Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing of even date herewith (as the same may be amended, supplemented or modified, hereinafter called the "**Mortgage**"), covering, inter alia, real estate situated in the County of Philadelphia, Commonwealth of Pennsylvania, legally described on Exhibit A attached hereto and hereby made a part hereof, and the buildings and improvements and certain furniture, fixtures, furnishings, equipment, machinery and personal property owned by Borrower now or hereafter located thereon (hereinafter collectively called the "**Mortgaged Property**").

D.    Banks, as a condition to making the Loan evidenced by the Note and the Loan Agreement, have required the execution of this Assignment.

NOW THEREFORE, In consideration of the premises, and in further consideration of the sum of One Dollar ($1.00), the receipt and sufficiency of which are hereby acknowledged, Borrower does hereby grant, transfer, set over, assign and deliver to Administrative Bank all of Borrower's right, title and interest in, to and under all leases, subleases, licenses, concessions, tenancies, management agreements, operating agreements and any other agreements creating the right of possession or the right of use without a transfer of title, whether written or oral, now or hereafter existing, and covering all or any part of the Mortgaged Property, together with any and all security deposits made thereunder, all extensions, amendments, modifications, renewals and replacements of any thereof, and any guaranties of the lessee's, sublessee's, licensee's, concessionaire's, tenant's, user's, manager's or operator's (hereinafter collectively called "**Lessees**") obligations under any thereof, each of said leases, subleases, licenses, concessions, tenancies and agreements now existing and hereafter executed or entered, together with all such deposits, extensions, amendments, modifications, renewals, replacements and guaranties, being hereinafter collectively referred to as the "**Leases**". In addition to the foregoing, Borrower does further hereby grant, transfer, set over and assign to Administrative Bank, and does hereby relinquish to Administrative Bank all of Borrower's right to collect and enjoy, all of the rents, income, revenues, royalties, issues and profits, including, without limitation, all amounts payable to Borrower on account of maintenance, repairs, taxes, insurance and common area or other charges by any other party to any Lease, and all amounts paid in compromise or for cancellation of any Lease by any party thereto other than Borrower, now or hereafter accruing or owing under or from Leases or otherwise from the Mortgaged Property or any part thereof, whether accruing before or after foreclosure of the Mortgage (hereinafter collectively called "**Rentals**"). All of the said Leases and Rentals are being hereby granted, transferred, set over and assigned for the purpose of securing:

(1)    Payment of all indebtedness evidenced by the Note and the Loan Agreement (including any amendments, extensions, renewals or replacements thereof), of all other sums secured by the Mortgage (including, without limitation, any and all obligations of Borrower under any Bank-Provided Hedging Transaction, other than Excluded Hedging Obligations) and of all sums payable by Borrower hereunder; and

(2)    Performance and discharge of each and every obligation, covenant and agreement of Borrower contained herein, in the Note, in the Mortgage, in the Loan Agreement and in any other instrument which secures or refers to the Note.

-2-

**A.    To protect the security of this Assignment, the Borrower agrees as follows:**

1.    Borrower agrees to comply with all of the terms, conditions and covenants contained in Section 5.25 of the Loan Agreement.

2.    Borrower shall, at Borrower's sole cost and expense, appear in and defend any dispute, action or proceeding arising under, growing out of or in any manner connected with or affecting any of the Leases or the obligations, duties or liabilities of Borrower or any Lessee thereunder, and to pay all reasonable costs and expenses of Administrative Bank, including attorneys' fees (prior to trial, at trial and on appeal), in connection with any such dispute, action or proceeding in which Administrative Bank may appear or with respect to which it may otherwise incur costs or expenses, whether or not Administrative Bank prevails therein.

3.    Should an Event of Default (as defined in the Loan Agreement) occur and continue, then Administrative Bank may, but without obligation to do so, without notice or demand to or upon Borrower, and without releasing Borrower from any obligation hereof, make or do the same in such manner and to such extent as Administrative Bank may deem necessary or desirable to protect the security hereof, including specifically, without limiting its general powers, appearing in and defending any action or proceeding purporting to affect the security hereof or the rights or powers of Administrative Bank, and observing, performing and discharging all or any of the obligations, covenants and agreements of Borrower in the Leases contained. In exercising any such powers, Administrative Bank may pay its costs and expenses, employ counsel and incur and pay attorneys' fees (prior to trial, at trial and on appeal). Borrower hereby grants to Administrative Bank an irrevocable power of attorney, coupled with an interest, to perform all of the acts and things provided for in this Section A.3 and in Section C.2 hereof as Borrower's agent and in Borrower's name.

4.    Borrower agrees to reimburse Administrative Bank, upon demand, for all actual sums expended by Administrative Bank pursuant to the terms and conditions of this Assignment, together with interest thereon at the Default Rate specified in the Loan Agreement from the date expended, and the same shall be added to the indebtedness evidenced by the Note and shall be secured hereby and by the Mortgage.

5.    If Administrative Bank so requests, Borrower shall further assign to Administrative Bank any and all subsequent Leases upon all or any part of the Mortgaged Property upon the same or substantially the same terms and conditions as are herein contained, and shall make, execute and deliver to Administrative Bank, upon demand, any and all instruments that may be necessary or desirable therefor or to otherwise effectuate the terms of this Assignment.

6.    Intentionally Omitted.

7.    Each Lease shall remain in full force and effect despite any merger of the interest of Borrower and any Lessee thereunder; Borrower shall not transfer fee title to the Mortgaged Property to any Lessee, without the prior written consent of Administrative Bank; and no such transfer shall relieve Borrower of any liability to Administrative Bank, unless Administrative Bank specifically agrees otherwise in writing.

-3-

8.    Intentionally Omitted.

9.    Borrower shall deliver to Administrative Bank, promptly upon request by Administrative Bank, all security deposits held by Borrower pursuant to the terms of the Leases, which Administrative Bank shall hold and disburse in accordance with the terms of the Leases.

**B.    Borrower hereby covenants and represents and warrants to Administrative Bank that:**

1.    As of the date of this Assignment, Borrower has good right and lawful authority to grant, transfer, set over and assign, and, other than the Mortgage, has not executed any prior assignment or alienation of its rights, title and interest in, to and under the Leases and to and in the Rentals, or otherwise encumbered the same, which remains in force or effect.

2.    As of the date of this Assignment, Borrower has not performed or committed any act or executed any instrument, and is not bound by any law, statute, regulation, order, mortgage, indenture, contract or agreement, which might prevent Administrative Bank from operating under any of the terms and conditions hereof, or which would limit Administrative Bank in such operation.

3.    No Rental has been paid by any Lessee as of the date of this Assignment, nor will any Rental hereafter be paid by any Lessee, nor has any Rental been collected as of the date of this Assignment, nor will any Rental hereafter be collected or accepted by Borrower, for more than one (1) month in advance (unless otherwise permitted pursuant to the terms and conditions of the Loan Agreement), and the payment of none of the Rentals to accrue for any portion of the Mortgaged Property has been or will be in any other manner anticipated, waived, released, excused, reduced, discounted, or otherwise discharged, altered or compromised by Borrower except as otherwise expressly permitted under the terms of the Loan Agreement. Borrower hereby waives any right of set off against any person in possession of any portion of the Mortgaged Property. Borrower has not incurred and shall not incur any indebtedness to any Lessee.

4.    Borrower has not, as of the date of this Assignment executed or agreed to, and Borrower shall not hereafter execute or agree to, nor hereafter permit to occur by operation of law, any other assignment, alienation, pledge, encumbrance or transfer of any of its right, title or interest in, to or under the Leases or Rentals, except as provided for in the Mortgage.

5.    Intentionally Omitted.

6.    Borrower shall not permit any of the Leases to become subordinate to any lien other than the liens hereof and of the Mortgage subject only to any rights of Borrower under the Loan Agreement regarding the cure, removal or dispute as to any such other liens.

**C.    It is mutually agreed that:**

1.    This is a present, absolute, effective, irrevocable and completed assignment by Borrower to Administrative Bank of the Leases and Rentals and of the right to collect and apply the same, which is not contingent upon Administrative Bank being in

-4-

possession of the Mortgaged Property and a collateral assignment of the Leases. However, so long as there exists no Event of Default under the Note, under the Mortgage, under the Loan Agreement, or under any other Loan Document (as such term is defined in the Loan Agreement) hereinafter called **"Other Security Instrument"**), and no Event of Default exists, Borrower shall have a conditional license to collect, use and enjoy (in accordance with all of the terms and conditions of this Assignment and the Loan Agreement) but not more than one (1) month in advance, all Rentals from the Mortgaged Property and to use the same for payment of Taxes (as that term is defined in the Mortgage), insurance premiums which Borrower is required to pay pursuant to the Mortgage and/or the Loan Agreement, all other costs and expenses which Borrower is required to pay under and pursuant to the Note, to the Mortgage, to the Loan Agreement and to this Assignment, and the indebtedness secured hereby (including, without limitation, any and all obligations under any Bank-Provided Hedging Transaction, other than Excluded Hedging Obligations), as and when due, before using said Rentals for any other purpose, and the excess only shall be Borrower's absolute property. Both the security interest in the Leases in favor of Administrative Bank and the absolute assignment of the Rentals to Administrative Bank extends to property of Borrower acquired before the commencement of any federal or state bankruptcy or insolvency proceedings and to property of Borrower acquired by the estate of Borrower after the commencement of such proceedings.

      2.    Upon and at all times during the occurrence of an Event of Default hereunder, under the Note, under the Mortgage, under the Loan Agreement or under any Other Security Instrument, Administrative Bank may, at its option, but without obligation to do so, without notice to or consent of Borrower, either in person or by agent, without regard for the adequacy of the security for the indebtedness secured hereby, the commission of waste or the solvency of Borrower, with or without bringing any action or proceeding, or by a receiver or trustee to be appointed by a court, enter upon, take possession of, maintain, manage and operate the Mortgaged Property, make, execute, enforce, modify, alter, cancel and accept the surrender of Leases (whether or not the same extend beyond the term of the Mortgage), obtain or evict tenants, fix or modify Rentals, refund and collect security deposits, and do any acts which Administrative Bank deems proper to protect the security hereof, and either with or without taking possession of the Mortgaged Property, in its own name or in the name of Borrower, sue for or otherwise demand, collect, receive, and give receipts for all Rentals, and apply the same upon the costs of collection thereof, including the fees and costs of agents and attorneys employed by Administrative Bank; upon the costs of managing, operating and leasing the Mortgaged Property, including taxes, insurance, maintenance, repairs, improvements, the fees of professional managing agents, architects, engineers and appraisers, license and permit fees, leasing fees and commissions, and Administrative Bank's out-of-pocket expenses; and upon any indebtedness secured hereby, in such order as Administrative Bank may determine, subject to applicable statutory requirements, if any. Administrative Bank or such a receiver shall be entitled to remain in possession of the Mortgaged Property and to collect the Rentals throughout any statutory period of redemption from a foreclosure sale. The entering upon and taking possession of the Mortgaged Property, the collection of such Rentals and the application thereof as aforesaid shall not cure or waive any Event of Default under the Note, under the Mortgage, under the Loan Agreement, under any Other Security Instrument or hereunder, or invalidate any act done pursuant to such Event of Default. Upon the occurrence and during the continuance of any Event of Default under the Note, under the Mortgage, under the Loan Agreement, under any Other Security Instrument or hereunder, Administrative Bank may, without entering into

-5-

possession or pursuing any other remedy as provided in this **Section** or at law or in equity, or in conjunction with such possession or pursuit of other remedy, give notice to any or all Lessees authorizing and directing said Lessees to pay Rentals directly to Administrative Bank. If a Lessee receives such a notice, Borrower hereby directs such Lessee to make payment pursuant thereto, and it shall be conclusively presumed, as between Borrower and such Lessee, that the Lessee is obligated and entitled to make such payment to Administrative Bank, and that such payment constitutes payment of Rentals under the Lease in question. Such notice may be given either in Administrative Bank's or in Borrower's name. Borrower shall in every way facilitate the payment of Rentals to Administrative Bank, when Administrative Bank has the right to receive the same hereunder. Administrative Bank shall be accountable only for Rentals actually collected hereunder and not for the rental value of the Mortgaged Property. Administrative Bank shall not be liable for any security deposit made by any Lessee unless and until Administrative Bank comes into actual, physical possession and control thereof. Failure of Administrative Bank to collect, or discontinuance by Administrative Bank from collecting, at any time, and from time to time, any Rentals, shall not in any manner affect the rights of Administrative Bank to thereafter collect the same.

3.      Administrative Bank shall have the right, under this Assignment, to take possession of and use, without rental or charge, any fixtures, equipment, furniture, appliances, personal property, books of account and records of Borrower or its agents located in or constituting a part of the Mortgaged Property in connection with Administrative Bank's occupancy, management and operation of the Mortgaged Property. Administrative Bank shall be deemed to be the creditor of any Lessee in respect of any assignment for the benefit of creditors and any bankruptcy, arrangement, reorganization, insolvency, dissolution, receivership or other debtor-relief proceeding affecting such Lessee; provided, however, that Administrative Bank shall not be obligated to file timely claims in such proceedings or to otherwise pursue any creditor's rights therein.

4.      Administrative Bank shall not be deemed to be a partner of, or a joint venturer with, Borrower with respect to the Mortgaged Property or to be a participant of any kind in the management or operation of the Mortgaged Property. Administrative Bank shall not be obligated to perform or discharge, nor does it hereby undertake to perform or discharge, any obligation, duty or liability under any Lease, or with respect to the Mortgaged Property or the inspection, maintenance or repair thereof, under or by reason of this Assignment, and Borrower shall and does hereby agree to defend and indemnify Administrative Bank against, and to hold it harmless from, any and all liability, loss or damage which Administrative Bank may or might incur under the Leases, by reason of any death, personal injury or property damage occurring on or about the Mortgaged Property or otherwise under or by reason of this Assignment and against and from any and all claims and demands whatsoever which may be asserted against Administrative Bank by reason of any alleged obligation or undertaking on its part to perform or discharge any of the terms, covenants or agreements contained in any Lease, or by reason of any such death, personal injury or property damage, except to the extent such liability, loss or damage was caused as a direct result of Administrative Bank's gross negligence or willful misconduct with no contributory negligence by Borrower. Should Administrative Bank incur any such liability, loss or damage under any Lease, by reason of any such death, personal injury or property damage, or under or by reason of this Assignment, or as a result of or in defending against any such claims or demands, the amount thereof, including costs, expenses and

-6-

reasonable attorneys' fees (including such costs, expenses and fees prior to trial, at trial and on appeal), together with interest thereon at the Default Rate (as defined in the Loan Agreement) from the date incurred, shall be secured hereby and by the Mortgage, and Borrower shall reimburse Administrative Bank therefor immediately upon demand. Neither this Assignment, nor the exercise by Administrative Bank of its rights hereunder, shall be deemed to constitute Administrative Bank a mortgagee in possession of the Mortgaged Property, unless Administrative Bank elects in writing to be so constituted.

5.    If any Event of Default shall occur under the Note, under the Mortgage, under the Loan Agreement, under any Other Security Instrument or hereunder, then Administrative Bank may, at its option, declare all sums secured hereby immediately due and payable, and, in addition to making available to Administrative Bank any remedies for such Event of Default shall, at Administrative Bank's sole option, constitute and be deemed to be an Event of Default under the Mortgage, entitling Administrative Bank to every and all rights and remedies therein contained, in addition to those rights and remedies herein set forth, without regard to the adequacy of security for the indebtedness secured hereby, the commission of waste or the insolvency of Borrower.

6.    Upon the payment in full of all indebtedness secured hereby, as evidenced by the recording or filing of any instrument of satisfaction or full release of the Mortgage, unless there shall have been recorded another mortgage in favor of Administrative Bank covering all or any portion of the Mortgaged Property, this Assignment shall become and be void and of no further effect.

7.    All rights, powers and remedies provided herein may be exercised only to the extent that the exercise thereof does not violate any applicable law, and they are intended to be limited to the extent necessary so that they will not render this Assignment invalid, unenforceable or not entitled to be recorded, registered or filed under any applicable law. If any term of this Assignment shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the other terms hereof shall be in no way affected thereby. Administrative Bank shall be entitled to all rights and remedies available hereunder, under the Note, under the Mortgage, under the Loan Agreement, under any Other Security Instrument, at law, in equity or under statute now and/or at the time of exercise thereof, even though such rights and remedies were not available on the date first above written, and all such rights and remedies may be exercised at any time and from time to time concurrently, separately, successively and in any order of preference, at Administrative Bank's sole discretion.

8.    The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Borrower and Administrative Bank.

9.    This Assignment is given as security in addition to the security of the Mortgage, and not as part of the security of the Mortgage. All rights and remedies herein conferred may be exercised whether or not foreclosure proceedings are pending under the Mortgage. Administrative Bank shall not be required to resort first to the security of this Assignment or of the Mortgage before resorting to the security of the other, and Administrative Bank may exercise the security hereof and of the Mortgage concurrently or independently and in

-7-

any order of preference, all rights and remedies of Banks set forth herein, in the Note, in the Mortgage, in the Loan Agreement, in the Other Security Instruments, at law, in equity, under statute and by contract being cumulative. No failure by Banks to avail themselves of any of the terms, covenants or conditions of this Assignment for any period of time shall be deemed to constitute a waiver thereof. Administrative Bank shall have the right to assign Borrower's rights, title and interests in, to and under any Leases and in and to the Rentals to any other or subsequent holder of the Note or any participant therein, or to any person, party or entity which acquires title to the Mortgaged Property through foreclosure or otherwise, and any such assignees shall have all of the rights, remedies and powers provided to Administrative Bank herein. All words and phrases used herein shall be construed to include the singular or plural number and the masculine, feminine or neuter gender, as may be appropriate under the circumstances.

10.    Any notice required or permitted to be given by any party hereto shall be given as set forth in Section 9.8 of the Loan Agreement and shall be deemed effective as set forth therein.

11.    THIS ASSIGNMENT WAS NEGOTIATED, EXECUTED AND DELIVERED IN THE COMMONWEALTH OF PENNSYLVANIA. IN ALL RESPECTS, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, THIS ASSIGNMENT AND THE OBLIGATIONS ARISING HEREUNDER SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE COMMONWEALTH OF PENNSYLVANIA APPLICABLE TO CONTRACTS MADE AND PERFORMED IN SUCH STATE (WITHOUT REGARD TO PRINCIPLES OF CONFLICT LAWS) AND ANY APPLICABLE LAW OF THE UNITED STATES OF AMERICA. TO THE FULLEST EXTENT PERMITTED BY LAW, BORROWER HEREBY UNCONDITIONALLY AND IRREVOCABLY WAIVES ANY RIGHT TO ASSERT THAT THE LAW OF ANY OTHER JURISDICTION GOVERNS THIS ASSIGNMENT.

BORROWER AND ADMINISTRATIVE BANK, BY THEIR ACCEPTANCE HEREOF, HEREBY WAIVE ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY ACTION WITH RESPECT TO OR ARISING FROM THIS ASSIGNMENT, THE LOAN AGREEMENT OR THE LOAN DOCUMENTS.

AT THE OPTION OF ADMINISTRATIVE BANK, THIS ASSIGNMENT, THE LOAN AGREEMENT AND THE LOAN DOCUMENTS MAY BE ENFORCED IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT IN WHICH THE PROPERTY LIES OR THE STATE COURT SITTING IN THE COUNTY IN WHICH THE PROPERTY LIES; BORROWER CONSENTS TO THE JURISDICTION AND VENUE OF ANY SUCH COURTS AND WAIVES ANY ARGUMENT THAT JURISDICTION IN SUCH FORUMS IS NOT PROPER OR THAT VENUE IN SUCH FORUMS IS NOT CONVENIENT. IN THE EVENT ANY ACTION IS COMMENCED IN ANOTHER JURISDICTION OR VENUE UNDER ANY TORT OR CONTRACT THEORY ARISING DIRECTLY OR INDIRECTLY FROM THE RELATIONSHIP CREATED BY THIS ASSIGNMENT, THE LOAN AGREEMENT OR THE LOAN DOCUMENTS, ADMINISTRATIVE BANK AT ITS OPTION SHALL BE ENTITLED TO HAVE THE CASE TRANSFERRED TO ONE OF THE JURISDICTIONS AND VENUES ABOVE DESCRIBED,

-8-

OR IF SUCH TRANSFER CANNOT BE ACCOMPLISHED UNDER APPLICABLE LAW,
TO HAVE SUCH CASE DISMISSED WITHOUT PREJUDICE.

*[SIGNATURE ON FOLLOWING PAGE]*

104877.00419/120841065v.2

*[SIGNATURE PAGE 1 OF 1 TO ASSIGNMENT OF LEASES AND RENTS]*

IN WITNESS WHEREOF, Borrower has caused this Assignment to be duly executed, under seal, as of the day and year first above written.

                                    **23RD STREET LOT B OWNER, LLC**, a
                                    Pennsylvania limited liability company

                                    By: _____
                                    Name: Ronald L. Caplan
                                    Title: President


COMMONWEALTH OF PENNSYLVANIA          :
                                      :          SS
COUNTY OF *Philadelphia*              :

BE IT REMEMBERED, that on this 27 day of _____June_____, 2019 before me, the subscriber, personally appeared **RONALD L. CAPLAN** who acknowledged under oath, to my satisfaction, that this person (or if more than one, each person): (a) is the President of 23RD Street Lot B Owner, LLC, a Delaware limited liability company, the limited liability company named in the within instrument, and is authorized to sign the within instrument on behalf of the limited liability company; and (b) as such President signed, sealed and delivered this instrument as the voluntary act and deed of the limited liability company.

WITNESS my hand and seal the day and year aforesaid.

                                    _____
                                    Notary Public
                                    My Commission Expires: 11/1/2021


Commonwealth of Pennsylvania - Notary Seal
ROSE MARIE VERRECCHIO, Notary Public
Philadelphia County
My Commission Expires November 1, 2021
Commission Number 1216234

## EXHIBIT "A"

## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consultant Engineers, Inc., as follows:

BEGINNING at a point on the Westerly line of 23rd Street (50 feet wide) at the point of intersection with the Southerly line of Arch Street (72 feet wide) produced Westwardly; and extending the following 5 courses and distances: (1) South 11 degrees 21 minutes 00 seconds West along said Westerly line of 23rd Street 179.023 feet to a point; (2) thence along a non tangent curve, curving to the right having a chord be4aring North 67 degrees 49 minutes 17 seconds West, chord distance 266.994 feet, radius of 2008.483 feet, the arc distance of 267.191 feet to a point; (3) North 64 degrees 00 minutes 37 seconds West, 77.316 feet to a point on the Schuylkill River East Side Railroad Company; (4) North 19 degrees 3 minutes 29 seconds East along Easterly line 108.424 feet to a point; and (5) South 78 degrees 59 minutes 00 seconds East, 322.508 feet to the point of the beginning.

BEING known as 30 North 23rd Street.

BEING Parcel #88-1-5539-96.

TOGETHER with rights, title and interests in and to the Beneficial Easement contained in Deed Book CAD 1162 page 121.

# EXHIBIT 5

eRecorded in Philadelphia PA   Doc Id: 53862110
07/28/2021 07:59 AM    Page 1 of 15    Rec Fee: $256.75
Receipt#: 21-74629
Records Department    Doc Code: D
State RTT: $0.00    Local RTT: $0.00

PREPARED BY AND WHEN RECORDED
RETURN TO:
Scott E. Goldstein, Esq.
ZARWIN, BAUM, DeVITO,
KAPLAN, SCHAER & TODDY, P.C.
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Ph:    (267) 765-9680
Fx:    (267) 765-9637

This document is intended
to be recorded in
Philadelphia County,
Pennsylvania

OPA No. 88-1553996

Premises:    30 North 23rd Street
             Philadelphia, Pennsylvania 19103

## CONFIRMATORY DEED

THIS INDENTURE is made the 27ʰ day of April, 2021 and effective the 30ʰ day of April, 2021, by 30 North 23rd Street Associates, LLC (f/k/a 23rd Street Lot B Owner, LLC), a Pennsylvania limited liability company (the "Grantor"), of the one part, and 30 North 23rd Street Associates, LLC (f/k/a 23rd Street Lot B Owner, LLC), a Pennsylvania limited liability company (the "Grantee") of the other part.

## BACKGROUND

By Deed dated December 28, 2017 and recorded on January 2, 2018 in the Department of Records of the City of Philadelphia as Instrument No. 53310519 ("Vesting Deed"), 2301 JFK Owner, LP, a Delaware limited partnership conveyed all of its right, title and interest in the real estate described herein to 23rd Street Lot B Owner, LLC, a Pennsylvania limited liability company.

Effective April 15, 2021 23rd Street Lot B Owner, LLC amended its name to 30 North 23rd Street Associates, LLC. The sole purpose of this Confirmatory Deed is to update and confirm the legal entity name of the record owner of the parcel described herein.

**THIS INSTRUMENT IS EXEMPT FROM TRANSFER TAX AS THE GRANTOR HEREIN EXECUTES AND RECORDS THIS QUITCLAIM CONFIRMATORY DEED MERELY TO UPDATE AND CONFIRM THE ENTITY NAME OF THE RECORD OWNER OF THE PARCEL DESCRIBED HEREIN.**

## GRANTING CLAUSE

**WITNESSETH** Grantor, for and in consideration of the sum of One Dollar ($1.00), lawful money of the United States of America, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto said Grantee, its successors and assigns, forever:

**ALL THAT CERTAIN** lot or piece of ground more particularly described on Exhibit "A" attached hereto and made a part hereof, under and subject to all covenants, conditions, restrictions, easements and rights of way of record, to the extent the same are valid and enforceable.

**TOGETHER** with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in, and to the same.

**TO HAVE AND TO HOLD** the said lot or piece of ground described with the building and improvements thereon erected, hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee, its successors and assigns, to and for the only proper use and behoof of the said Grantee, its successors and assigns forever.

**AND** the said Grantor, for itself and its successors and assigns, does by these presents covenant, promise, grant and agree to and with the Grantee, its successors and assigns, that it, the said Grantor and its successors and assigns, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee, its successors and assigns, against them the said Grantor, its successors and assigns and against all and every person or persons whomsoever lawfully claiming or to claim the same or any part thereof by, from or under it or any of them, shall and will **WARRANT** and forever **DEFEND**.

[SIGNATURES ON FOLLOWING PAGE.]

41404 - Confirmatory Deed - 1

IN WITNESS WHEREOF, the Grantor has caused this Indenture to be duly executed.

30 NORTH 23RD STREET ASSOCIATES, LLC

By: _____

Ronald L. Caplan, Manager

COMMONWEALTH OF PENNSYLVANIA  :

: ss

COUNTY OF PHILADELPHIA  :

On this 28 day of April, 2021, before me, a Notary Public in and for the State and County aforesaid, personally appeared Ronald L. Caplan, who acknowledged herself to be the Manager of 30 NORTH 23RD STREET ASSOCIATES, LLC, and, in such capacity, being authorized to do so, executed the foregoing instrument for the purposes therein contained.

WITNESS my hand and seal the day and year aforesaid.

Commonwealth of Pennsylvania - Notary Seal
ROSE MARIE VERRECCHIO, Notary Public
Philadelphia County
My Commission Expires November 1, 2021
Commission Number 1216234

_____
Notary Public
My Commission Expires: November 1 2021

Grantees' Address:

c/o PMC Property Group
1608 Walnut Street, Suite 1400
Philadelphia, PA 19103
Attn: Ronald L. Caplan

_____
On behalf of Grantee

39334 - Confirmatory Deed - Signature Page

## EXHIBIT "A"
## LEGAL DESCRIPTION

ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consultant Engineers, Inc., as follows:

BEGINNING at a point on the Westerly line of 23rd Street (50 feet wide) at the point of intersection with the Southerly line of Arch Street (72 feet wide) produced Westwardly; and extending the following 5 courses and distances: (1) South 11 degrees 21 minutes 00 seconds West along said Westerly line of 23rd Street 179.023 feet to a point; (2) thence along a non tangent curve, curving to the right having a chord be4aring North 67 degrees 49 minutes 17 seconds West, chord distance 266.994 feet, radius of 2008.483 feet, the arc distance of 267.191 feet to a point; (3) North 64 degrees 00 minutes 37 seconds West, 77.316 feet to a point on the Schuylkill River East Side Railroad Company; (4) North 19 degrees 3 minutes 29 seconds East along Easterly line 108.424 feet to a point; and (5) South 78 degrees 59 minutes 00 seconds East, 322.508 feet to the point of the beginning.

BEING known as 30 North 23rd Street.

BEING Parcel #88-1-5539-96.

| | DOC. ID |
|---|---|
| | DATE RECORDED |
| | CITY TAX PAID |

# PHILADELPHIA REAL ESTATE TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value is/is not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT** — All inquiries may be directed to the following person:

| | TELEPHONE NUMBER: AREA CODE ( ) |
|---|---|

NAME **30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, formerly known as 23rd Street Lot B Owner, LLC**

STREET **c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400**    CITY **Philadelphia**    STATE **PA**    ZIP CODE **19103**

**B. TRANSFER DATA**    DATE OF ACCEPTANCE OF DOCUMENT:

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| **30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, formerly known as 23rd Street Lot B Owner, LLC** | **30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, formerly known as 23rd Street Lot B Owner, LLC** |
| STREET ADDRESS **c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400** | STREET ADDRESS **c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400** |
| CITY **Philadelphia**  STATE **PA**  ZIP CODE **19103** | CITY **Philadelphia**  STATE **PA**  ZIP CODE **19103** |

**C. PROPERTY LOCATION**

| STREET ADDRESS **30 North 23rd Street** | CITY, TOWNSHIP, BOROUGH **Philadelphia City** |
|---|---|
| COUNTY **Philadelphia** | SCHOOL DISTRICT **Philadelphia** | TAX PARCEL NUMBER **881553996** |

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION **10.00** | 2. OTHER CONSIDERATION + | 3. TOTAL CONSIDERATION = **10.00** |
|---|---|---|
| 4. COUNTY ASSESSED VALUE **11,080,000.00** | 5. COMMON LEVEL RATIO FACTOR X **1.06** | 6. FAIR MARKET VALUE = **11,744,800** |

**E. EXEMPTION DATA**

| 1A. PERCENTAGE OF EXEMPTION **100** | 1B. PERCENTAGE OF INTEREST CONVEYED **100** |
|---|---|

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____ (NAME OF DECEDENT) _____ (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfers to the Commonwealth, the United States, and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____ , Page Number _____ . Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☒ Corrective deed (Attach copy of the prior deed.)    **Confirmatory deed for name change**

☐ Other (Please explain exemption claimed, if other than listed above.) _____

_____

Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY **30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, f/k/a 23rd Street Lot B Owner, LLC**    DATE **4/28/2021**

82-127 (Rev. 9/11)    (SEE REVERSE)

1830019105

**pennsylvania**
DEPARTMENT OF REVENUE    (EX) MOD 04-19 (FI)

**RECORDER'S USE ONLY**

| State Tax Paid: | |
| Book: | Page: |
| Instrument Number: | |
| Date Recorded: | |

# REV-183
BUREAU OF INDIVIDUAL TAXES
PO BOX 280603
HARRISBURG, PA 17128-0603

**REALTY TRANSFER TAX
STATEMENT OF VALUE**

COMPLETE EACH SECTION

## SECTION I    TRANSFER DATA

Date of Acceptance of Document    2021

| GRANTOR/LESSOR | Telephone Number | GRANTEE/LESSEE | Telephone Number |
|---|---|---|---|
| 30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, 23rd Street Lot B Owner, c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400 | | 30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, 23rd Street Lot B Owner, c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400 | |

| City | State | ZIP Code | City | State | ZIP Code |
|---|---|---|---|---|---|
| Philadelphia | PA | 19103 | Philadelphia | PA | 19103 |

## SECTION II    REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
|---|---|
| 30 North 23rd Street | Philadelphia City |

| County | School District | Tax Parcel Number |
|---|---|---|
| Philadelphia | Philadelphia | 881553996 |

## SECTION III    VALUATION DATA

Was transaction part of an assignment or relocation?    ☐ YES    ☐ NO

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
|---|---|---|
| 10.00 | + | = 10.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
|---|---|---|
| 11,080,000.00 | X 1.06 | = 11,744,800.00 |

## SECTION IV    EXEMPTION DATA - Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
|---|---|---|
| $11,744,800.00 | 100 % | 100 % |

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____ (Name of Decedent) _____ (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement and all amendments.)

☐ Transfer from a trust. (Attach complete copy of trust agreement and all amendments.)

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation.
(If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☒ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Provide a detailed explanation of exemption claimed. If more space is needed attach additional sheets.)

## SECTION V    CORRESPONDENT INFORMATION - All inquiries may be directed to the following person.

| Name 30 North 23rd Street Associates, LLC, a Pennsylvania limited liability company, formerly known as 23rd Street Lot B Owner, LLC | Telephone Number |
|---|---|

| Mailing Address c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400 | City Philadelphia | State PA | ZIP Code 19103 |

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|---|---|
|  30 North 23rd Street Associates, LLC, formerly known as 23rd Street Lot B Owner, LLC | 4/26/2021 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

1830019105

1830019105

**PAGE 1**

eRecorded in Philadelphia PA   Doc Id: 53310519
01/02/2018 02:45 PM    Page 1 of 9    Rec Fee: $256.75
Receipt#: 18-00525,18-00525-C1
Records Department    Doc Code: D
State RTT: $62,990.26    Local RTT: $195,269.79

Prepared By and Return To:

Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109  215-772-1500

OPA Account Number:  88-1-5539-96

# DEED

This Indenture, Made the  28  day of December, 2017.

Between

**2301 JFK Owner LP**
a Delaware limited partnership, having an address of c/o PMC Property Group, Inc., 1608
Walnut Street, Suite 1400, Philadelphia, PA 19102
(hereinafter called the Grantor), of the first part,

and

**23rd Street Lot B Owner, LLC**
a Pennsylvania limited liability company, having an address of c/o PMC Property Group, Inc.,
1608 Walnut Street, Suite 1400, Philadelphia, PA 19102
(hereinafter called the Grantee), of the second part,

    **Witnesseth** that the said Grantor, for and in consideration of the sum of
One ($1.00) Dollar, lawful money of the United States of America, unto them well and truly
paid by the said Grantee, at or before the sealing and delivery hereof, the receipt whereof is
hereby acknowledged, have granted, bargained, sold, aliened, enfeoffed, released and confirmed
and by these presents does grant, bargain, sell, alien, enfeoff, release and confirm unto the said
Grantee, its successors and assigns;

4536167v1

All that certain lot or piece of ground, situate in the City and County of Philadelphia, Commonwealth of Pennsylvania, and more fully described on Exhibit A attached hereto and made a part hereof.

Being known as 30 N. 23rd Street, Philadelphia, PA (the "Property").

Being Tax Account/Parcel No.: 88-1-5539-96.

Being part of the same premises which Garrison River City LLC, a Delaware limited liability company, by Deed dated July 9, 2015 and recorded in the Office of the Recorder of Deeds for Philadelphia county, granted and conveyed unto 2301 JFK Owner LP, in fee.

And also being part of the same premises described in that certain Deed of Confirmation recorded in the Office of the Recorder of Deeds for Philadelphia on December 19, 2017 as Instrument No. 53305288, whereby the legal descriptions, tax parcel numbers and addresses of the Property were confirmed pursuant to that certain Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consulting Engineers, Inc. and recorded in the Office of the Recorder of Deeds for Philadelphia on December 19, 2017, as Instrument No. 53305288.

Together with all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof, and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in, and to the same and every part thereof.

To have and to hold the said lot or piece of ground above described, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantee, its successors and assigns, to and for the only proper use and behoof of the said Grantee, its successors and assigns forever.

And the said Grantor, for itself, its successors and assigns does covenant, promise and agree, to and with the said Grantee, its successors and assigns, by these presents, that the said Grantor, and its successors and assigns, all and singular the improvements, hereditaments and premises hereby granted or mentioned and intended so to be, with the appurtenances, unto the said Grantee, its successors and assigns, against the said Grantor, and its successors and assigns, and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under it, them or any of them, shall and will Warrant and forever Defend.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

- 2 -

4536167v1

IN WITNESS WHEREOF, Grantor has signed and delivered this Deed as a sealed instrument as of the day and year first above written.

2301 JFK Owner LP

By:    2301 JFK Owner General Partner LP
       its sole general partner

       By:    2301 JFK Owner General Partner GP LLC
              its sole general partner

              By: _____
              Name:   Jerold J. Novick
              Title:   Vice President

COMMONWEALTH OF PENNSYLVANIA    :
                                : SS
COUNTY OF    Philadelphia       :

On this, the 28 day of December, 2017, before me a Notary Public, the undersigned officer, personally appeared Jerold J. Novick, who acknowledged himself to be the Vice President of 2301 JFK Owner General Partner GP, LLC, a Delaware limited liability company, which is the sole general partner of 2301 JFK Owner General Partner LP, a Delaware limited partnership, which is the sole general partner of 2301 JFK Owner LP, a Delaware limited partnership, and that he as such Officer, being authorized to do so, executed the foregoing instrument for the purposes therein contained and in the capacity as stated.

In Witness Whereof, I hereunto set my hand and official seal.

_____ (SEAL)
Notary Public

My Commission Expires:

Commonwealth of Pennsylvania - Notary Seal
ROSE MARIE VERRECCHIO, Notary Public
Philadelphia County
My Commission Expires November 7, 2021
Commission Number 1216234

## EXHIBIT "A"

Proposed Parcel "B"
ALL THAT CERTAIN lot or piece of ground with the buildings and improvements erected thereon, situate in the 8th Ward of the City of Philadelphia, and described in accordance with a Plan of Lot Adjustment dated April 3, 2017 and last revised July 13, 2017 for 2301 JFK Owner LP by TEI Consulting Engineers, Inc., as follows:

Beginning At A Point On The Westerly Line Of 23rd St. (50 Feet Wide) at the Point Of Intersection With The Southerly Line Of Arch Street (72 Feet Wide) Produced Westwardly; and extending the following 5 courses and distances: (1) South 11 Degrees 21 Minutes 00 Seconds West Along Said Westerly Line Of 23rd Street 179.023 Feet To A Point; (2) Thence Along A Non Tangent Curve, Curving To The Right Having A (Chd Bearing North 67 Degrees 49 Minutes 17 Seconds West, Chd Dist 266.994 Feet) Radius Of 2008.483 Feet, The Arc Distance Of 267.191 Feet To A Point; (3) North 64 Degrees 00 Minutes 37 Seconds West, 77.316 Feet To A Point On The Schuylkill River East Side Railroad Company; (4) North 19 Degrees 3 Minutes 29 Seconds East Along Said Easterly Line 108.424 Feet To A Point; And (5) South 78 Degrees 59 Minutes 00 East, 322.508 Feet To The Point Of The Beginning.

A536167v1

# DEED

### DECEMBER 28, 2017

### From

### 2301 JFK Owner LP

a Delaware limited partnership, having an address of c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400, Philadelphia, PA 19102 (hereinafter called the Grantor), of the first part,

### and

### 23rd Street Lot B Owner, LLC

a Pennsylvania limited liability company, having an address of c/o PMC Property Group, Inc., 1608 Walnut Street, Suite 1400, Philadelphia, PA 19102 (hereinafter called the Grantee), of the second part,

### Premises:
30 North 23rd Street
Philadelphia, Pennsylvania

The address of the above-named Grantee is:

c/o PMC Property Group, Inc.
1608 Walnut Street, Suite 1400
Philadelphia, PA 19102

On behalf of the Grantee

- 4 -

4536167v1

REV-183 EX (2-15)


**pennsylvania**
DEPARTMENT OF REVENUE
Bureau of Individual Taxes
PO BOX 280603
Harrisburg, PA 17128-0603

# REALTY TRANSFER TAX
## STATEMENT OF VALUE

See reverse for instructions.

**RECORDER'S USE ONLY**

| State Tax Paid | |
| Book Number | |
| Page Number | |
| Date Recorded | |

Complete each section and file in duplicate with Recorder of Deeds when (1) the full value/consideration is not set forth in the deed, (2) the deed is without consideration or by gift, or (3) a tax exemption is claimed. If more space is needed, please attach additional sheets. A Statement of Value (SOV) is not required if the transfer is wholly exempt from tax based on family relationship or public utility easement. However, it is recommended that a SOV accompany all documents filed for recording.

## A. CORRESPONDENT – All inquiries may be directed to the following person:

Telephone Number: (215) 772-1500

Name
Montgomery, McCracken, Walker & Rhoads, LLP

| Mailing Address | City | State | ZIP Code |
| 123 S. Broad Street | Philadelphia | PA | 19109 |

## B. TRANSFER DATA

Date of Acceptance of Document  12/28/17

| Grantor(s)/Lessor(s) | Telephone Number: | Grantee(s)/Lessee(s) | Telephone Number: |
| 2301 JFK OWNER LP | (215) 241-0200 | 23rd STREET LOT B OWNER, LLC | (215) 241-0200 |

| Mailing Address | | | | Mailing Address | | | |
| c/o PMC Group, 1608 Walnut Street, Suite 1400 | | | | c/o PMC Group, 1608 Walnut Street, Suite 1400 | | | |

| City | State | ZIP Code | City | State | ZIP Code |
| Philadelphia | PA | 19102 | Philadelphia | PA | 19102 |

## C. REAL ESTATE LOCATION

| Street Address | City, Township, Borough |
| 30 N. 23rd Street | Philadelphia |

| County | School District | Tax Parcel Number |
| Philadelphia | Philadelphia | 88-1-5539-86 |

## D. VALUATION DATA

Was transaction part of an assignment or relocation?   ☐ Y  ☒ N

| 1. Actual Cash Consideration | 2. Other Consideration | 3. Total Consideration |
| 1.00 | +0.00 | = 1.00 |

| 4. County Assessed Value | 5. Common Level Ratio Factor | 6. Computed Value |
| SEE ATTACHED SCHEDULE A | × 1.01 | = SEE ATTACHED SCHEDULE A |

## E. EXEMPTION DATA – Refer to instructions for exemption status.

| 1a. Amount of Exemption Claimed | 1b. Percentage of Grantor's Interest in Real Estate | 1c. Percentage of Grantor's Interest Conveyed |
| $ 0.00 | 100.00 % | 100.00 % |

2. Check Appropriate Box Below for Exemption Claimed.

☐ Will or intestate succession. _____ _____
                                   (Name of Decedent)        (Estate File Number)

☐ Transfer to a trust. (Attach complete copy of trust agreement identifying all beneficiaries.)

☐ Transfer from a trust. Date of transfer into the trust _____
   If trust was amended attach a copy of original and amended trust.

☐ Transfer between principal and agent/straw party. (Attach complete copy of agency/straw party agreement.)

☐ Transfers to the commonwealth, the U.S. and instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (If condemnation or in lieu of condemnation, attach copy of resolution.)

☐ Transfer from mortgagor to a holder of a mortgage in default. (Attach copy of mortgage and note/assignment.)

☐ Corrective or confirmatory deed. (Attach complete copy of the deed to be corrected or confirmed.)

☐ Statutory corporate consolidation, merger or division. (Attach copy of articles.)

☐ Other (Please explain exemption claimed.) _____

Under penalties of law, I declare that I have examined this statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.

| Signature of Correspondent or Responsible Party | Date |
|  | 10/28/17 |

**FAILURE TO COMPLETE THIS FORM PROPERLY OR ATTACH REQUESTED DOCUMENTATION MAY RESULT IN THE RECORDER'S REFUSAL TO RECORD THE DEED.**

Schedule A to Real Estate Transfer Tax Certification
and
Realty Transfer Tax Statement of Value

2301 JFK Owner LP ("Grantor")

2301 JFK Lot B Owner, LLC ("Grantee")

30 N. 23rd Street

| New Tax Parcel No. | Assessed Value | Computed Value |
|---|---|---|
| BRT #88-1-5539-96 | *not yet separately assessed | *not yet separately assessed |
| Previous Tax Parcel Nos. | Assessed Values | Computed Values |
| 88-2-8872-20 | $3,112,600.00        1.01 | $3,143,726.00 |
| 88-5-7088-00 | $19,960,500        1.01 | $20,160,105.00 |
| TOTAL COMPUTED VALUE: | | $23,303,831.00 |

Percentage of area of Previous Tax Parcel Nos. attributable to New Tax Parcel No. : 27.03%

| Computed Value | 27.03% of Computed Value | Transfer Tax remitted (4.1%) |
|---|---|---|
| $23,303,831.00 | $6,299,025.52 | $258,260.05 |

4538590v4

| BOOK NO. | PAGE NO. |
|---|---|
|  |  |

DATE RECORDED

CITY TAX PAID

# PHILADELPHIA REAL ESTATE
# TRANSFER TAX CERTIFICATION

Complete each section and file in duplicate with Recorder of Deeds when (1) the full consideration/value leis not set forth in the deed, (2) when the deed is with consideration, or by gift, or (3) a tax exemption is claimed. If more space is needed, attach additional sheet(s).

**A. CORRESPONDENT — All inquiries may be directed to the following person:**

| NAME | TELEPHONE NUMBER |
|---|---|
| Montgomery, McCracken, Walker & Rhoads, LLP | AREA CODE 215 772-1600 |

| STREET ADDRESS | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 123 South Broad Street | Philadelphia | PA | 19109 |

**B. TRANSFER DATA** · DATE OF ACCEPTANCE OF DOCUMENT: 12-28-17

| GRANTOR(S)/LESSOR(S) | GRANTEE(S)/LESSEE(S) |
|---|---|
| 2301 JFK OWNER LP | 23rd STREET LOT B OWNER, LLC |

| STREET ADDRESS | STREET ADDRESS |
|---|---|
| c/o PMC Group, 1608 Walnut Street, Suite 1400 | c/o PMC Group, 1608 Walnut Street, Suite 1400 |

| CITY | STATE | ZIP CODE | CITY | STATE | ZIP CODE |
|---|---|---|---|---|---|
| Philadelphia | PA | 19102 | Philadelphia | PA | 19102 |

**C. PROPERTY LOCATION**

| STREET ADDRESS | CITY, TOWNSHIP, BOROUGH |
|---|---|
| 30 N. 23rd Street | Philadelphia |

| COUNTY | SCHOOL DISTRICT | TAX PARCEL NUMBER |
|---|---|---|
| Philadelphia | Philadelphia | 88-1-5539-96 |

**D. VALUATION DATA**

| 1. ACTUAL CASH CONSIDERATION | 2. OTHER CONSIDERATION | 3. TOTAL CONSIDERATION |
|---|---|---|
| $1.00 | + $0.00 | = $1.00 |

| 4. COUNTY ASSESSED VALUE | 5. COMMON LEVEL RATIO FACTOR | 6. FAIR MARKET VALUE |
|---|---|---|
| SEE ATTACHED SCHEDULE A | X | = $0.00 SEE ATTACHED SCHEDULE A |

**E. EXEMPTION DATA**

| 1A. PERCENTAGE OF EXEMPTION | 1B. PERCENTAGE OF INTEREST CONVEYED |
|---|---|
| 0.0 | 100.0 |

2. Check Appropriate Box Below for Exemption Claimed

☐ Will or intestate succession _____ _____
   (NAME OF DECEDENT)                (ESTATE FILE NUMBER)

☐ Transfer to Industrial Development Agency.

☐ Transfer to agent or straw party. (Attach copy of agency/straw party agreement).

☐ Transfer between principal and agent. (Attach copy of agency/straw trust agreement). Tax paid prior deed $ _____

☐ Transfers to the Commonwealth, the United States, and Instrumentalities by gift, dedication, condemnation or in lieu of condemnation. (Attach copy of resolution).

☐ Transfer from mortgagor to a holder of a mortgage in default. Mortgage Book Number _____ Page Number _____ Mortgagee (grantor) sold property to Mortgagor (grantee) (Attach copy of prior deed).

☐ Corrective deed (Attach copy of the prior deed).

☐ Other (Please explain exemption claimed, if other than listed above.) _____

*Under penalties of law or ordinance, I declare that I have examined this Statement, including accompanying information, and to the best of my knowledge and belief, it is true, correct and complete.*

| SIGNATURE OF CORRESPONDENT OR RESPONSIBLE PARTY | DATE |
|---|---|
|  | 12/28/17 |

82-127 (Rev. 6/93)                (SEE REVERSE)

Schedule A to Real Estate Transfer Tax Certification
and
Realty Transfer Tax Statement of Value

2301 JFK Owner LP ("Grantor")

2301 JFK Lot B Owner, LLC ("Grantee")

30 N. 23rd Street

| New Tax Parcel No. | Assessed Value | | Computed Value |
|---|---|---|---|
| BRT #88-1-5539-96 | *not yet separately assessed | | *not yet separately assessed |
| Previous Tax Parcel Nos. | Assessed Values | | Computed Values |
| 88-2-8872-20 | $3,112,600.00 | 1.01 | $3,143,726.00 |
| 88-5-7088-00 | $19,960,500 | 1.01 | $20,160,105.00 |
| **TOTAL COMPUTED VALUE:** | | | $23,303,831.00 |

Percentage of area of Previous Tax Parcel Nos. attributable to New Tax Parcel No. : 27.03%

| Computed Value | 27.03% of Computed Value | Transfer Tax remitted (4.1%) |
|---|---|---|
| $23,303,831.00 | $6,299,025.52 | $258,260.05 |

4538590v4

# EXHIBIT 6

**VERIFICATION**

The undersigned verifies that the foregoing matter is true and correct to the best of his knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

By: _Diane Gree_

30 NORTH 23RD STREET ASSOCIATES LLC

# EXHIBIT 7

IN THE PHILADELPHIA MUNICIPAL COURT

30 NORTH 23RD STREET ASSOCIA   :
   :
Plaintiff(s),   :
   :
   :   LT-24-02-08-3715
   v.   :
   :
   :
EVA ANDERSON   :
   :
Defendant(s).   :

## NOTICE OF NONCOMPLIANCE WITH
## PHILADELPHIA MUNICIPAL COURT CIVIL RULE 109(4)

Pursuant to Rule 109(4), you are required to attach to your landlord-tenant complaint (1) a copy of the applicable Rental License for any month for which you are seeking to collect rent and (2) a copy of the Certificate of Rental Suitability that was provided to the tenant. You have failed to do so as specified in the paragraphs that are checked below.

As a result of your failure to submit the required documents, you may not be able to collect rent for certain months and/or be unable to evict the tenant because of a Philadelphia Ordinance that prohibits a landlord from collecting rent or evicting a tenant under those circumstances. You may bring to court on the day of your trial additional Rental Licenses or a Certificate of Rental Suitability that was provided to the tenant at an earlier date than the Certificate of Rental Suitability submitted with your landlord-tenant complaint.

[ ] **No Rental License.** You have not submitted a Rental License. A Philadelphia Ordinance prohibits the collection of rent or the eviction of a tenant unless the landlord has a Rental License that is in force at the time that of the filing of the landlord-tenant complaint. Therefore, you will not be able to collect any unpaid rent unless you bring with you to court a Rental License that was in effect on the date that you filed your landlord-tenant complaint.

[X] **No Rental License for Certain Months for which Rent is Claimed.** You are seeking unpaid rent for ___1___ months from _____October_____ (month), ___2023___ to and including _____October_____ (month), ___2023___. You have not submitted a Rental License that was in force for those months. A Philadelphia Ordinance prohibits the collection of rent for those months in which there was no Rental License for those months in which there was no Rental License. Therefore, you will not be able to collect unpaid rent for those months unless you bring with you to court Rental Licenses that were in effect for those months.

[  ] **No Certificate of Rental Suitability.**  You have not submitted a Certificate of Rental Suitability.  A Philadelphia Ordinance prohibits the collection of rent or the eviction of a tenant unless the landlord has provided the tenant with a Certificate of Rental Suitability.  Therefore, you will not be able to collect any unpaid rent unless you bring with you to court a Certificate of Rental Suitability.

[  ] **No Certificate of Rental Suitability for Certain Months for which Rent is Claimed.**
You are seeking unpaid rent for _____ months from _____ (month), _____ to and including _____ (months), _____.  The date on the Certificate of Rental Suitability that you submitted is after those months.  A Philadelphia Ordinance prohibits the collection of rent for those months prior to a landlord having provided a tenant with a Certificate of Rental Suitability and a copy of the City's Partners for Good Housing Handbook.  Therefore, you will not be able to collect rent for those months unless you bring with you to court a Certificate of Rental Suitability that was provided to the tenant prior to those months.

MATTHEW S. WOLF, J.
SUPERVISING JUDGE

# EXHIBIT 8



# PHILADELPHIA MUNICIPAL COURT
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107

T. Francis Shields, President Judge            John J. Joyce, Deputy Court Administrator

## LANDLORD AND TENANT COMPLAINT
# LT-24-02-08-3715

Date Filed: 02/08/2024

Complaint Continuation

| | |
|---|---|
| 30 NORTH 23RD STREET ASSOCIATES LLC<br>30 N 23RD ST<br>PHILA, PA 19103<br><br>*Plaintiff(s)* | EVA ANDERSON, AKA/DBA: & ALL OCCS<br>30 North 23rd Street # 1014<br>PHILADELPHIA, PA 19103<br><br>*Defendant(s)* |

I.   Plaintiff states that he/she/it owns the real property located at the following address: 30 North 23rd Street # 1014, PHILADELPHIA, PA 19103. Plaintiff further states that there is a lease between him/her/it and the above-referenced defendant(s). The lease is written, attached and began on 02/25/2022 for the term of a year or more. Additionally, plaintiff states that the lease is residential.

II.  Plaintiff states that he/she/it is in compliance with Section 9-3902 of the Philadelphia Code by having a valid Rental License at the time of filing this complaint.
     * The Effective Date of the license is 10/31/2023 and its Expiration Date is 09/01/2024

     Plaintiff states that he/she/it had or has a Rental License for each month for which he/she/it is seeking unpaid rent in paragraph XI and that a copy of each applicable Rental License is attached.
     * License - Effective Date 10/31/2023 Expiration Date 09/01/2024

III. Plaintiff states that he/she/it is in compliance with Section 9-3903 of the Philadelphia Code as a result of having provided the tenant with a Certificate of Rental Suitability and a copy of the City of Philadelphia Partners for Good Housing Handbook prior to the first month for which he/she/it is seeking unpaid rent in paragraph XI and the Certificate of Rental Suitability that was provided was issued by the Department no more than sixty days prior to the inception of the tenancy. A copy of any Certificate of Rental Suitability provided to the tenant is attached.
     * Certificate - Date Issued by Department 09/09/2022

IV.  Plaintiff states that the leased property:

A.   was built before March of 1978.

B.   is not a residential property developed by or for an educational institution for the exclusive use and occupancy by that institution's students.

C.   is not owned or subsidized by the Philadelphia Housing Authority or its subsidiaries, or privately owned and leased under the Housing Choice Voucher Program; and

D.   has not had and will not have a child aged six or younger.

E.   The lease is effective from December 21, 2012 to the present.



**PHILADELPHIA MUNICIPAL COURT**
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
1339 Chestnut Street, 10th Floor, Philadelphia, PA 19107
T. Francis Shields, President Judge          John J. Joyce, Deputy Court Administrator

**LANDLORD AND TENANT COMPLAINT**
# LT-24-02-08-3715

Date Filed: 02/08/2024          Complaint Continuation

V.   I have provided the defendant with a valid certification prepared by a certified lead inspector stating that the property is either lead free or lead safe. A copy of the certification is attached.

VI.   Plaintiff states that the subject premises is fit for its intended purpose.

Plaintiff states that he/she/it is unaware of any open notice issued by the Department of Licenses and Inspections ("Department") alleging that the property at issue is in violation of one or more provisions of the Philadelphia Code.

VII.   Plaintiff states that notice to vacate the subject premises by 12/27/2023 was given to the defendant on 11/27/2023. A copy of the notice is attached.

VIII.   The defendant is in possession of the property and refuses to surrender possession of the property.

IX.   Plaintiff demands a judgment of possession and a money judgment in the amount itemized below based on the following:

▪ Nonpayment of amounts due under the lease, for 5 months, from: October, 2023 to and including: February, 2024

| The amount of unpaid rent below and late fees alleged due. | | | | Summarized alleged amounts due: | |
|---|---|---|---|---|---|
| **Month** | **Year** | **Rent** | **Late Fee** | Rent | $10,361.87 |
| Feb | 2024 | 2410.00 | 120.50 | Late Fees | $361.50 |
| Jan | 2024 | 2410.00 | 120.50 | Gas | $0.00 |
| Dec | 2023 | 2410.00 | 120.50 | Electric | $0.00 |
| Nov | 2023 | 2410.00 | 0.00 | Water / Sewer | $0.00 |
| Oct | 2023 | 721.87 | 0.00 | Attorney's Fees | $450.00 |
| Attorney Fees: 450.00 | | | | Other | $0.00 |
| Total: 11173.37 | | | | Subtotal | $11,173.37 |
| | | | | Court Costs | $121.75 |
| | | | | Total | $11,295.12 |

ONGOING RENT IN THE AMOUNT OF $2,410.00 FROM THE DATE OF THE FILING OF THIS COMPLAINT TO THE DATE OF THE HEARING ON THE MERITS IN THIS MATTER.

| Filing Party: Kenneth Baritz, 100 S. Broad St., Suite 1205, Philadelphia, PA 19110, 22616, (215) 557-8608, kbaritz@baritzlaw.com 100 S. BROAD, SUITE 1205, PHILADELPHIA, PA 19110 | | Phone Number: 215-557-8608 |
|---|---|---|
| I am an attorney for the plaintiff(s), the plaintiff's authorized representative or have a power of attorney for the plaintiff(s) in this landlord tenant action. I hereby verify that I am authorized to make this verification; that I have sufficient knowledge, information and belief to take this verification or have gained sufficient knowledge, information and belief from communications with the plaintiff or the persons listed below and that the facts set forth are true and correct to the best of my knowledge, information and belief. I understand that this verification is made subject to the penalties set forth in 18 Pa. C.S. &sect; 4904, which concerns the making of unsworn falsifications to authorities. If I am an authorized representative or have a power of attorney, I have attached a completed Philadelphia Municipal Court authorized representative form or a completed power of attorney form. | **SUMMONS TO THE DEFENDANT:** You are hereby ordered to appear at a hearing scheduled as follows: **LOCATION (SITO):** 1339 Chestnut Street 6th Floor Philadelphia, PA 19107 **Hearing Room: 3** | **CITATION:** Al demandado por la presente, usted esta dirijido a presentarse a la siguiente: **DATE (FECHA): March 7th, 2024** **TIME (HORA): 08:45 AM** |
| KENNETH L BARITZ _____ Signature Plaintiff/Attorney | | |
| **NOTICE TO THE DEFENDANT: YOU HAVE BEEN SUED IN COURT. PLEASE SEE ATTACHED NOTICE.** | **NOTA IMPORTANTE PARA EL ACUSADO: USTED HA SIDO DEMANDO EN CORTE: POR FAVOR MIRA PAPELE ESCRITA.** | |

# EXHIBIT 9

IN THE PHILADELPHIA MUNICIPAL COURT

30 NORTH 23RD STREET ASSOCIA᠁ :

Plaintiff(s),                                     :

         v.                                       :

                                 :         LT-24-07-29-5841

                                 :

MATTHEW PAGANO, Charles McCaffᵢ :

                                 :

Defendant(s).                                    :

## NOTICE OF NONCOMPLIANCE WITH
## PHILADELPHIA MUNICIPAL COURT CIVIL RULE 109(4)

      Pursuant to Rule 109(4), you are required to attach to your landlord-tenant complaint (1) a copy of the applicable Rental License for any month for which you are seeking to collect rent and (2) a copy of the Certificate of Rental Suitability that was provided to the tenant. You have failed to do so as specified in the paragraphs that are checked below.

      As a result of your failure to submit the required documents, you may not be able to collect rent for certain months and/or be unable to evict the tenant because of a Philadelphia Ordinance that prohibits a landlord from collecting rent or evicting a tenant under those circumstances. You may bring to court on the day of your trial additional Rental Licenses or a Certificate of Rental Suitability that was provided to the tenant at an earlier date than the Certificate of Rental Suitability submitted with your landlord-tenant complaint.

[ ] **No Rental License.** You have not submitted a Rental License. A Philadelphia Ordinance prohibits the collection of rent or the eviction of a tenant unless the landlord has a Rental License that is in force at the time that of the filing of the landlord-tenant complaint. Therefore, you will not be able to collect any unpaid rent unless you bring with you to court a Rental License that was in effect on the date that you filed your landlord-tenant complaint.

[ X ] **N o Rental License for Certain Months for which Rent is Claimed.** You are seeking unpaid rent for ____1____ months from _____May_____ (month), ____2024____ to and including ____May____ (month), ____2024____. You have not submitted a Rental License that was in force for those months. A Philadelphia Ordinance prohibits the collection of rent for those months in which there was no Rental License for those months in which there was no Rental License. Therefore, you will not be able to collect unpaid rent for those months unless you bring with you to court Rental Licenses that were in effect for those months.

[   ] **No Certificate of Rental Suitability.**  You have not submitted a Certificate of Rental Suitability.  A Philadelphia Ordinance prohibits the collection of rent or the eviction of a tenant unless the landlord has provided the tenant with a Certificate of Rental Suitability.  Therefore, you will not be able to collect any unpaid rent unless you bring with you to court a Certificate of Rental Suitability.

[   ] **No Certificate of Rental Suitability for Certain Months for which Rent is Claimed.**  You are seeking unpaid rent for _____ months from _____ (month), _____ to and including _____ (months), _____.  The date on the Certificate of Rental Suitability that you submitted is after those months.  A Philadelphia Ordinance prohibits the collection of rent for those months prior to a landlord having provided a tenant with a Certificate of Rental Suitability and a copy of the City's Partners for Good Housing Handbook.  Therefore, you will not be able to collect rent for those months unless you bring with you to court a Certificate of Rental Suitability that was provided to the tenant prior to those months.

GREGORY YORGEY-GIRDY, J.
SUPERVISING JUDGE

# EXHIBIT 10

4:19



+1 (769) 208-5350 ›

EvictionDiversionProgram@cofaservices.org with questions or if agreement is r

Sat, Aug 5 at 4:12 PM

This is an update regarding Applicant ID EVP-hihr4a4ac for the property at 30 North 23rd Street for tenant(s) EVA ANDERSON; ALEXANDER WROBLEWSKI and landlord KENNETH BARITZ.

Thirty days have now passed from the date of the landlord's approved application. The landlord has participated in reasonable good faith. You may continue to attempt to reach an agreement. However, the landlord may now start the legal process of eviction.

For more information, visit http://www.phillytenant.org/eviction-court-process

Please complete this brief survey https://eviction-diversion.phila.gov/#/TenantSurvey/EVP-hihr4a4ac

Text Message

EXHIBIT 11



4:24



+1 (769) 208-5350

Tue, Nov 28 at 5:04 PM

Dear Eva Anderson,

Your landlord's application EVP-irmzb6pdj was approved 11-28-2023 for the City's free Eviction Diversion Program to help parties reach agreements to avoid eviction.

You have 30 days to contact your landlord 2301 JFK Owner LP 2301 JFK Owner LP at (215) 557-8608, heather@baritzlaw.com to discuss options to divert a court filing. They may file after .

For negotiating resources: phillytenant.org/eviction-diversion-direct. To sign up for a Tenant Rights Webinar: call 267-443-2500 #3.

Email EvictionDiversionProgram@coraservices.org with questions or if agreement is reached. Text STOP to opt out of text

Text Message

# EXHIBIT 12

**EVA ANDERSON**

30 North 23rd Street, Apt.1014
Philadelphia, PA 19103

eva.anderson.kaden@gmail.com

---

January 19, 2025

ATTN: Diane Green, Property Manager
PMC Property Group, Inc.
1608 Walnut Street, Suite 1400
Philadelphia, PA 19103

VIA EMAIL TO COUNSELS OF RECORD
Anthony Twardowski, Esq.  artwardowski@zarwin.com
Allison E. Gotthold, Esq.  agotthold@zarwin.com

**Subject:** Cease and Desist: Violations of FDCPA, FHA, and Philadelphia Fair Housing Ordinance

Dear Diane Green,

I am writing to formally request that you **cease and desist all communication with me and the guarantor regarding the alleged debt** referenced in your communications. Please be advised that I am exercising my rights under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692c(c), which entitles me to demand that you stop contacting me.

To clarify, this request does not constitute an acknowledgment of the validity or amount of the alleged debt.

This letter serves as a formal demand for you and PMC Property Group Inc. to immediately cease and desist from all attempts to collect rent, harass, or interfere with my lawful and quiet enjoyment of my housing. You are actively engaging in repeated rent collection attempts during ongoing legal proceedings. You also previously initiated unlawful eviction attempts. Furthermore, you continue sending these letters despite the pending case in the Court of Common Pleas, where the validity of this alleged debt is being actively litigated. These actions constitute violations of the Fair Debt Collection Practices Act (FDCPA), the Fair Housing Act (FHA), and the Philadelphia Fair Housing Ordinance.

**1. Violations of the Fair Debt Collection Practices Act (FDCPA)**

There is an ongoing case in the Court of Common Pleas in Philadelphia addressing, among other things, non-payment of rent. In this case, you stated that you are the plaintiff and a client of attorney Kenneth Baritz. Additionally, there is an ongoing case in the U.S. District Court for the Eastern District of Pennsylvania in which PMC Property Group Inc. is a named defendant.

1

You are sending rent demand letters while the underlying debt is the subject of a legal dispute in the Court of Common Pleas. This action attempts to circumvent the legal process and collect a debt that is not legally owed.

Furthermore, on December 17, 2023, you, through your counsel, Allison Gotthold, refused to provide verification of this alleged debt when asked. This refusal to validate the debt, as required under the FDCPA, further proves that your collection attempts are improper and unlawful. These actions constitute clear violations of the FDCPA, specifically:

- **15 U.S.C. § 1692d – Harassment or Abuse:** You are engaging in repeated and unwarranted rent collection attempts despite being fully aware of the ongoing litigation. This constitutes harassment and abusive behavior.
- **15 U.S.C. § 1692e – False or Misleading Representations:** You send rent collection letters during ongoing legal disputes, particularly when the Court of Common Pleas has not yet determined the debt's validity and after refusing to provide debt verification. These actions constitute deceptive practices attempting to intimidate and coerce me into paying the alleged rent. **You are falsely representing the legal status of the debt.**
- **15 U.S.C. § 1692f – Unfair Practices:** You attempt to collect rent in bad faith and during active legal disputes. You are attempting to collect a debt outside the established legal channels while the matter is under judicial consideration. You are attempting to collect rent without providing the requested verification. This is unfair and inherently unlawful.

## 2. Violations of the Fair Housing Act (FHA) and Philadelphia Fair Housing Ordinance

Under 42 U.S.C. § 3617 and related regulations, your conduct constitutes harassment, interference, and retaliation, as follows:

- **Retaliation for Asserting Legal Rights:** You are attempting to collect rent during ongoing litigation in both the Court of Common Pleas and the federal court. You are retaliating against me for asserting my legal rights. These actions undermine my legal claims and intimidate me into forfeiting my rights.
- **Interference with Enjoyment of Housing Rights:** You are violating my housing rights by hindering the peaceful enjoyment of my home. You are harassing me by intimidation tactics that create a hostile housing environment.
- **Unlawful Eviction Attempts:** You have previously attempted to unlawfully evict me. Combined with these ongoing rent collection attempts, you demonstrate a pattern of coercion and interference, further violating the FHA.
- **Violations of the Philadelphia Fair Housing Ordinance:** You also violate the Philadelphia Fair Housing Ordinance, Chapter 9-800 of the Philadelphia Code, which prohibits unfair rental practices. Specifically:
  - Your repeated rent demands, combined with the unlawful eviction attempt and the ongoing legal dispute, create limitations based on my assertion of my legal rights. This

is discriminatory because it creates a more burdensome rental experience when I am actively involved in litigation with the landlord.

o Your repeated rent demand letters, especially when the debt is disputed and in litigation, and in light of your refusal to provide debt verification and the prior unlawful eviction attempt, constitute communication you should reasonably know would be perceived as harassment.

## 3. Harassment and Bad Faith Conduct

Your actions demonstrate a clear pattern of harassment and bad faith. Since November 18, 2024, you have sent me four letters demanding alleged rent payments while these legal disputes remain unresolved. You sent the first letter on November 18, 2024, the second on December 18, 2024, the third on January 10, 2025, and the fourth on January 15, 2025. Furthermore, on December 17, 2024, you, through your counsel, Allison Gotthold, refused to provide verification of this alleged debt when asked.

**On December 17, 2023, you also attempted to illegally evict me by taping a fake eviction notice to my door.** This act, in itself, is a violation of the law and an apparent attempt to intimidate me. When I requested the 20-hour video footage from the hallway to document this illegal activity, you claimed that the system was "frozen" at that time and no footage exists. This highly suspicious explanation further reinforces the perception of bad faith and an attempt to conceal evidence of your unlawful conduct.

You disregard the legal process and engage in bad-faith conduct designed to exploit the power imbalance between landlord and tenant. Such conduct is egregious, retaliatory, and in bad faith.

### Demand for Immediate Action

I demand that you:

- Immediately cease all rent collection efforts and harassment related to this matter.
- Refrain from further retaliatory or coercive actions, including eviction attempts or interference with my housing rights.
- Provide written confirmation within five (5) days of receipt of this letter that you will comply with these demands.

If you fail to comply with this demand, you will leave me no choice but to pursue additional legal remedies. These include but are not limited to:

- Filing additional complaints with the U.S. Department of Housing and Urban Development (HUD) and other regulatory bodies.
- Filing a complaint with the Philadelphia Commission on Human Relations for the Philadelphia Fair Housing Ordinance violations.
- Pursuing all available remedies in the existing Court of Common Pleas and federal court actions.

This letter serves as formal notice and a record of your ongoing violations. Please be advised that any further harassment or interference will be documented and used as evidence in pending and future legal actions.

Sincerely,

Eva Anderson

Enclosures: four demand letters of alleged rent

# **PMC**Property Group

11/18/2024

Eva Anderson (HOLDOVER) , Alexander Wroblewski
30 North 23rd Street, Apt. # 1014

Philadelphia, PA 19103

Re: Account Delinquency – 30 North 23rd Street, 1014

The purpose of this letter is to notify you of your delinquent rent payments and to notify you of the rent amount owed. Late fees may also apply.

Your current balance due is **$38,133.48**. We ask that you pay your rent through your **RentCafé Account.**

**If your delinquent rent is not paid, PMC will move forward with the following:**
- **Eviction proceedings**
- **Monetary judgements**
- **Rescindment and charge back of any concessions applicable to your current lease term, such as free rent or a move-in credit**

Please note that further failure to pay your rent on time may negatively impact your credit score and hinder your ability to rent or otherwise obtain credit in the future.

You may view a statement of account in your Rent Café Portal by clicking on the Recent Activity link.  Please reach out to your Property Manager at **dianeg@pmcpropertygroup.com** with any questions or concerns.

We appreciate your cooperation.

Sincerely,
30 North 23rd Street Associates, LLC

By:    PMC Property Group, Inc.,
         Its Managing Agent

# **PMC**Property Group

12/17/2024

Eva Anderson (HOLDOVER) , Alexander Wroblewski
30 North 23rd Street, Apt. # 1014

Philadelphia, PA 19103

Re: Account Delinquency – 30 North 23rd Street, 1014

The purpose of this letter is to notify you of your delinquent rent payments and to notify you of the rent amount owed. Late fees may also apply.

Your current balance due is **$38,133.48**. We ask that you pay your rent through your **RentCafé Account.**

**If your delinquent rent is not paid, PMC will move forward with the following:**
- **Eviction proceedings**
- **Monetary judgements**
- **Garnishment of wages**
- **Rescindment and charge back of any concessions applicable to your current lease term, such as free rent or a move-in credit**

Please note that further failure to pay your rent on time may negatively impact your credit score and hinder your ability to rent or otherwise obtain credit in the future.

You may view a statement of account in your Rent Café Portal by clicking on the Recent Activity link.  Please reach out to your Property Manager at **dianeg@pmcpropertygroup.com** with any questions or concerns.

We appreciate your cooperation.

Sincerely,
30 North 23rd Street Associates, LLC

By:    PMC Property Group, Inc.,
         Its Managing Agent

# **PMC**Property Group

01/10/2025

Eva Anderson   (HOLDOVER) , Alexander Wroblewski
30 North 23rd Street, Apt. # 1014

Philadelphia, PA 19103

Re: Friendly Reminder, Balance Due - 30 North 23rd Street, 1014

We'd like to offer a friendly reminder that you have a balance of **$28,658.84** on your account.  For your convenience, you may use your Rent Café Portal to view your account statement and to make payments.

Please reach out to your Property Manager at **dianeg@pmcpropertygroup.com** with any questions or concerns.

We appreciate your cooperation.

Sincerely,
30 North 23rd Street Associates, LLC

By:    PMC Property Group, Inc.,
         Its Managing Agent

# **PMC** Property Group

01/15/2025

Eva Anderson   (HOLDOVER) , Alexander Wroblewski
30 North 23rd Street, Apt. # 1014

Philadelphia, PA 19103

Re: Account Delinquency - 30 North 23rd Street, 1014

The purpose of this letter is to notify you of your delinquent rent payments and to notify you of the rent amount owed. Late fees may also apply.

Your current balance due is **$28,658.84**. We ask that you pay your rent through your **RentCafé Account.**

**If your delinquent rent is not paid, PMC will move forward with the following:**
- **Eviction proceedings**
- **Monetary judgements**
- **Rescindment and charge back of any concessions applicable to your current lease term, such as free rent or a move-in credit**

Please note that further failure to pay your rent on time may negatively impact your credit score and hinder your ability to rent or otherwise obtain credit in the future.

You may view a statement of account in your Rent Café Portal by clicking on the Recent Activity link.  Please reach out to your Property Manager at dianeg@pmcpropertygroup.com with any questions or concerns.

We appreciate your cooperation.

Sincerely,
30 North 23rd Street Associates, LLC

By:    PMC Property Group, Inc.,
        Its Managing Agent

# EXHIBIT 13



COUNTY AND CITY OF PHILADELPHIA

## PHILADELPHIA SHERIFF'S OFFICE

CIVIL ENFORCEMENT UNIT

# EVICTION NOTICE

## SHERIFF NUMBER # 24013274

30 N. 23RD STREET APT 1014 PHILADELPHIA, PA 19103

TO: JUDGMENT DEBTOR, MEMBERS OF THE JUDGMENT DEBTOR'S HOUSEHOLD, AND ANY OCCUPANTS RESIDING WITH THE JUDGMENT DEBTOR.

BY VIRTUE OF A *WRIT OF POSSESSION* OF REAL PROPERTY, A COPY OF WHICH IS ATTACHED,

YOU ARE ORDERED TO VACATE THE PREMISES DESCRIBED IN THE WRIT NOT LATER THAN:

## THURSDAY, DECEMBER 19, 2024 9:00 AM

DETECTIVE JEFFREY HANS PHONE # 215-285-4124/ OFFICE # (215) 686-3542
CIVIL ENFORCEMENT PHONE # 215-686-3542 / FAX # 215-686-3555
100 S. BROAD STREET 5TH FLOOR, PHILADELPHIA, PA 19110

# EXHIBIT 14

2/26/25, 10:54 AM                    Gmail - RE: Anderson v. Baritz et al. - Fake eviction notice

 Gmail

Eva Anderson <eva.anderson.kaden@gmail.com>

## RE: Anderson v. Baritz et al. - Fake eviction notice
1 message

**Anthony R. Twardowski** <artwardowski@zarwin.com>                    Tue, Dec 24, 2024 at 7:19 AM
To: Eva Anderson <eva.anderson.kaden@gmail.com>
Cc: "Allison E. Gotthold" <agotthold@zarwin.com>

Good morning. My client was apprised of your request and attempted to obtain the video footage but was unable to do so, as the system had frozen and was not capturing footage in the area and during the time frame identified.

Thank you.



**Anthony R. Twardowski, Esq.**

One Commerce Square

2005 Market Street | 16th Floor | Philadelphia, PA 19103-7042

Main Number: 215.569.2800 | Direct Dial: 267.765.9621

Main Fax: 267.386.3306

Email: artwardowski@zarwin.com



THIS ELECTRONIC MAIL TRANSMISSION AND THE DOCUMENTS ACCOMPANYING IT CONTAIN INFORMATION FROM THE LAW FIRM ZARWIN, BAUM, DEVITO, KAPLAN, SCHAER & TODDY, P.C., WHICH IS CONFIDENTIAL AND/OR LEGALLY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED IN THIS TRANSMISSION. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS INFORMATION IS STRICTLY PROHIBITED.

THIS EMAIL OR ANY LANGUAGE CONTAINED HEREIN SHOULD NOT BE CONSTRUED, EXPRESSLY OR IMPLIEDLY, BY ANY RECIPIENT TO CREATE AN ATTORNEY CLIENT RELATIONSHIP BY THE SENDER OR ON BEHALF OF THE LAW FIRM IN THE ABSENCE OF A SIGNED RETAINER AGREEMENT BY THE PARTIES OR AN ENGAGEMENT LETTER FROM THE FIRM.

2/26/25, 10:54 AM                          Gmail - RE: Anderson v. Baritz et al. - Fake eviction notice

**From:** Eva Anderson <eva.anderson.kaden@gmail.com>
**Sent:** Tuesday, December 17, 2024 4:27 PM
**To:** Anthony R. Twardowski <artwardowski@zarwin.com>; Allison E. Gotthold <agotthold@zarwin.com>
**Subject:** Anderson v. Baritz et al. - Fake eviction notice

> **Caution:** This email originated from outside of the Zarwin email system. Do not click on links or open attachments unless you were expecting this email.

Dear Mr. Twardowski,

Please contact your client, PMC Property Group, and immediately preserve the recording from hallway cameras on the 10th floor of 30 N 23rd Street, Philadelphia, PA 19103, starting December 16, 2024, at 8:00 p.m. and ending December 17, 2024, at 3:45 p.m.

A fake eviction notice for **December 19, 2024,** was attached to my door. I contacted the Sheriff's Office and was informed that **no eviction was scheduled**. The Sheriff's Office advised me to **call the police** if someone shows up and tries to take possession of the apartment.

A lawyer representing your client in a separate landlord-tenant matter, Kenneth Baritz, **illegally** obtained a writ of possession and executed the judgment. The Office of the Records struck the writ on November 27, 2024, and the Hon. Judge Moss confirmed its invalidity on December 12, 2024.

I would appreciate your cooperation in this matter.

Best regards,

Eva Anderson
M.iur., LLM

| Sent with Mailsuite · Unsubscribe    ---

## CERTIFICATE OF SERVICE

I, Eva Anderson, certify that on or about this date, I caused to be served a true and correct copy of the foregoing document via First Class Mail and provided a courtesy copy via email to the following:

Allison E. Gotthold, Esq.
Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C.
One Commerce Square
2005 Market Street,16th Floor
Philadelphia, PA 19103-7042
agotthold@zarwin.com

and

Anthony R. Twardowski, Esq.
Zarwin Baum DeVito Kaplan Schaer & Toddy, P.C.
One Commerce Square
2005 Market Street,16th Floor
Philadelphia, PA 19103-7042
artwardowski@zarwin.com

Counsels for PMC Property Group, Inc.

Dated: February 26, 2024

Eva Anderson, Plaintiff
*Pro se*
30 North 23rd Street, Apt.1014
Philadelphia, PA 19103
(215) 609-5810
eva.anderson.kaden@gmail.com

## CERTIFICATE OF SERVICE

I, Eva Anderson, certify that on or about this date, I caused to be served a true and correct

copy of the foregoing document via First Class Mail and provided a courtesy copy via

email to the following:

Monica Littman, Esq.
KAUFMAN DOLOWICH
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
mlittman@kaufmandolowich.com


and

Richard J. Perr
KAUFMAN DOLOWICH
One Liberty Place
1650 Market Street, Suite 4800
Philadelphia, PA 19103
rperr@kaufmandolowich.com


Counsels for the Defendants Kenneth L. Baritz, Esq. and Baritz Law Associates, LLC

Dated: February 26, 2024

Eva Anderson, Plaintiff
*Pro se*
30 North 23rd Street, Apt.1014
Philadelphia, PA 19103
(215) 609-5810
eva.anderson.kaden@gmail.com