IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Eva Anderson,<br><br>               *Plaintiff,*<br><br>   v.<br><br>Kenneth L. Baritz, Esq., et al,<br><br>               *Defendants.* | CIVIL ACTION<br>NO. 24-2095 |

**Pappert, J.**                                                                                                                  **April 23, 2025**

<u>**MEMORANDUM**</u>

     *Pro se* Plaintiff Eva Anderson sued PMC Property Group, Baritz Law Associates and Kenneth L. Baritz, Esquire under the Fair Debt Collection Practices Act for their alleged misconduct while seeking to collect back rent. The Court previously dismissed Anderson's First Amended Complaint with respect to PMC but gave her leave to amend. Anderson then filed a Second Amended Complaint that includes new facts against PMC and also adds two new Defendants — 30 North 23rd Street Associates LLC (her landlord) and Ron Caplan (President of PMC). PMC, 30 North 23rd and Caplan all moved to dismiss for failure to state a claim. Anderson also later filed a motion for leave to amend in which she seeks permission to add 30 North 23rd and Caplan. The Court grants the Defendants' motion and denies Anderson's.

I

     Anderson has still not alleged facts sufficient to state a claim against PMC. The Court previously dismissed Anderson's claims because she failed to adequately allege that PMC was a "debt collector." (Mem. Op. Jan. 27, 2025 at 13–15, ECF No. 33.) Specifically, Anderson's First Amended Complaint (FAC) and other properly considered

1

documents showed that PMC was the property manager for 30 North 23rd Street Associates (Anderson's landlord), and Anderson did not allege facts showing that PMC's "alleged debt-collection activities were anything other than incidental to its *bona fide* fiduciary obligation to the landlord." (*Id.*)  In her Second Amended Complaint (SAC), Anderson makes no effort to add facts showing that PMC's relationship with 30 North 23rd is not a fiduciary one, or that PMC's debt-collection efforts are more than incidental its relationship with 30 North 23rd.  Instead, she attempts to add facts showing that PMC falls within the FDCPA's "false name" exception.  *See* (Resp. to Mot. to Dismiss 8–12, ECF No. 43.)

The false-name exception applies only to "creditors," which "generally are not subject to the [FDCPA]."  *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 367 (3d Cir. 2018) (quoting *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000)).  Under the exception, a "creditor" can also be a "debt collector" if it, "in the process of collecting [its] own debts, uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts."  15 U.S.C. 1692a(6).  As the Defendants point out, PMC is not the creditor to whom Anderson owed rent; 30 North 23rd is.  (Lease Agreement ¶ 2, ECF No. 25-1.)  Anderson argues, however, that the Court should treat PMC as her creditor because "30 North 23rd [] operates as an alter ego or mere instrumentality of PMC."  (SAC p.7.)  And she further argues that PMC falls under the false-name exception because it attempted to collect the debt from her while falsely using the name "Baritz" (and "Baritz Law Firm").  (Resp. to Mot. to Dismiss 9.)

Even assuming the Court could properly treat PMC as a creditor, Anderson has not plausibly alleged that PMC falls within the false-name exception. The exception does not apply where a creditor retains a third party to collect its debt and the third party then uses its own name while undertaking collection efforts. *See Vincent v. The Money Store*, 736 F.3d 88, 98–99 (2d Cir. 2013); *Gutierrez v. AT&T Broadband, LLC*, 382 F.3d 725, 738–39 (7th Cir. 2004); *see also Flamm v. Sarner & Assocs., P.C.*, No. 02-4302, 2002 WL 31618443, at *4 (E.D. Pa. Nov. 6, 2002) (observing that "the case law has shown that [creditor] must control almost all aspects of the debt collection process for the creditor to be deemed a 'debt collector'" and holding that plaintiff's conclusory assertions about defendant-creditor's control over her lawyer's collection efforts were insufficient); *Haber v. Bank of Am., N.A.*, No. CIV.A. 14-0169, 2014 WL 2921659, at *14 (E.D. Pa. June 27, 2014) ("[T]he [plaintiffs] have stated a claim, for purposes of this early stage of litigation, that [creditor] used [third party]'s name in a misleading fashion because [creditor] continued to control the collection of the [plaintiffs'] mortgage.").

Anderson does not identify any debt-collection efforts conducted under Baritz's name or his firm's name by anyone other than Baritz or his firm. Rather, her SAC contains only the conclusory assertion that "PMC controls nearly all aspects of debt collection, from initiating the collection action to directing collection attorney Baritz through every step of the process." (SAC p.9, ECF No. 37.) But the remainder of the SAC (which incorporates her previous pleadings by reference) and other properly considered documents show that Baritz and his firm did indeed undertake all debt-collection efforts to which his or his firm's name was attached. Baritz filed the

3

documents in the state-court eviction and collection suit, *see, e.g.*, (Municipal Ct. Compl., ECF No. 25-1); (Ct. of Common Pleas Compl., ECF No. 20 Ex. 7.), he appeared in court for both state-court hearings, *see* (Tr. Ct. of Common Pleas Proceedings ECF No. 30, Ex. 14); (Tr. Municipal Ct. Proceedings, ECF No. 25-2), and various attorneys from his firm apparently negotiated the debt with Anderson during the eviction-diversion program, (FAC ¶¶ 39, 61, 67, ECF No. 20); (SAC p.13.)[1]

II

Anderson has also failed to allege facts sufficient to state FDCPA claims against 30 North 23rd and Caplan.[2] 30 North 23rd, as Anderson's landlord, was the "creditor" to whom Anderson owed her alleged debt. (Lease Agreement ¶ 2); 15 U.S.C. § 1692a(4), (6). To the extent Anderson invokes the false-name exception against 30 North 23rd for pursuing her debt under the name "Baritz," the exception is inapplicable for the same reasons it's inapplicable to PMC. As for Caplan, the SAC contains no allegations about his participation in any of the FDCPA violations alleged. Rather, the only theory Anderson appears to pursue with respect to Caplan is that "[h]is active participation and decision-making" as "General Partner,

---

[1] To the extent Anderson seeks to hold PMC vicariously liable for Baritz's alleged FDCPA violations, she cannot do so without first alleging facts that show PMC is itself a debt collector, *see Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404–05 (3d Cir. 2000), *abrogated on other grounds by Henson v. Santander Consumer USA Inc.*, 582 U.S. 79 (2017); *Barbato v. Greystone All., LLC*, 916 F.3d 260, 269–70 (3d Cir. 2019), which she has not done.

[2] After Anderson filed her SAC with 30 North 23rd and Caplan added as defendants, they and PMC argued that Anderson's addition of new parties was improper because she failed to seek leave of court. Anderson then moved for leave to add 30 North 23rd and Caplan. But courts should not grant leave to amend when amendment would be futile, meaning that the amended complaint would state a claim to relief. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). And since Anderson's SAC does not contain facts sufficient to state a claim against either proposed defendant, the Court denies her motion.

4

President, or manager" of PMC "render him jointly liable" for PMC's and maybe 30 North 23rd's alleged violations. (SAC p.9.) But again, Anderson failed to allege any FDCPA violations by PMC or 30 North 23rd.

### III

The Court will not permit Anderson to file a Third Amended Complaint because doing so would be inequitable. *See Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013). Even if she has additional facts in her back pocket that might suffice to state claims against PMC, 30 North 23rd or Caplan, the Court will not require the Defendants to endure the costs of a fourth round of amendment and briefing simply because Anderson failed to "take[ her] best shot from the get go." *United States ex rel. Sirls v. Kindred Healthcare*, Inc., 536 F. Supp. 3d 1, 6 (E.D. Pa. 2021) (quoting *Zhang v. Royal Caribbean Cruises, Ltd.*, No. 19-20773-CIV, 2020 WL 1472302, at *2 (S.D. Fla. Mar. 26, 2020)); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied.").

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.