**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EVA ANDERSON,

               *Plaintiff,*

    v.

KENNETH L. BARITZ, et al.,

            *Defendants.*

CIVIL ACTION
NO. 24-2095

**Pappert, J.**                                           **February 13, 2026**

### <u>MEMORANDUM</u>

Eva Anderson sued Kenneth L. Baritz, Esquire and his law firm Baritz Law Associates LLC, asserting various claims under the Fair Debt Collection Practices Act. She previously violated a court order by refusing to attend her deposition. The defendants moved for sanctions under Federal Rule of Civil Procedure 37(b)(2)(C). The Court granted the motion in part, ordering Anderson to pay the defendants' counsel $5,316.00 on or before January 22, 2026. Instead of paying, Anderson moved to stay the sanction order pending appellate review following final judgment. The Court denies her motion.

I

District courts have inherent power to stay a Rule 37(b)(2)(C) order. *See United States v. Breyer*, 41 F.3d 884, 893 (3d Cir. 1994). Four factors govern the inquiry: (1) the plaintiff's likelihood of success on the merits, (2) irreparable harm to the plaintiff, (3) harm to the defendants and (4) the public interest. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

1

Anderson isn't likely to succeed.  If a party "fails to obey an order to provide or permit discovery," a court "*must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(A), (C) (emphasis added).  Anderson refused to comply with a court order requiring her to sit for a deposition on November 7, 2025, so she failed to obey an order to provide or permit discovery.  *Anderson v. Baritz*, No. 24-2095, 2025 WL 3722004, at *2 (E.D. Pa. Dec. 23, 2025).  She wasn't substantially justified in disobeying the order, and no circumstance made an award of expenses unjust.  *Id.*  Thus, Rule 37(b)(2)(C) required the Court to award the reasonable expenses caused by Anderson's failure to attend her deposition—here, $5,316.00.  *Id.* at *4.

Anderson believes the Court committed four errors.  First, she argues a court may award expenses under Rule 37(b)(2)(C) only if the disobedient party acted willfully or in bad faith.  She is incorrect.  The plain text of Rule 37(b)(2)(C) imposes no willful or bad faith limitation.  Fed. R. Civ. P. 37(b)(2)(C); *see also Donofrio v. Ikea US Retail, LLC*, No. 18-599, 2024 WL 1998094, at *24 (E.D. Pa. May 6, 2024) ("Monetary sanctions under Rule 37(b)(2)(C) do not require a finding of bad faith or intentional wrongdoing.");[1] 7 James Wm. Moore et al., *Moore's Federal Practice* § 37.51[9][a], LEXIS (database updated 2025) (explaining Rule 37(b)(2)(C) sanctions may be imposed

---

[1]     *See also In re Atomica Design Grp., Inc.*, 591 B.R. 217, 233 (Bankr. E.D. Pa. 2018) (explaining Rule 37(b)(2)(C) does not require a "finding of bad faith or intentional wrongdoing to justify awarding sanctions"); *Miller v. Thompson-Walk*, 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019) ("Rule 37(b)(2)(C) does not require a finding of bad faith or intentional wrongdoing to justify awarding sanctions.").

2

even if the party's "disobedience of the discovery order was not the product of willfulness or bad faith").

Second, Anderson contends she was substantially justified in failing to attend her deposition because she previously sought a remote deposition. Anderson filed two motions for a remote deposition before her November 7 deposition. The Court denied both, reasoning Anderson failed to provide good cause. In spite of this, Anderson failed to appear for her deposition. A plaintiff is not substantially justified in defying a court order simply because she disagrees with it. *Anderson*, 2025 WL 3722004, at *2.

Third, Anderson argues she was substantially justified because she has atrial fibrillation. She suggests that if she attended her November 7 deposition at the Baritz defendants' counsel's office, she would have faced a significant risk of a heart attack. But Anderson fails to provide meaningful support for this claim. The only medical evidence or documentation Anderson submitted to the Court regarding her heart condition is a doctor's note attached to one of her motions stating she has atrial fibrillation. The note, however, "in no way indicated that [Anderson's] condition prevented her from sitting for her court-ordered deposition." *In re Anderson*, No. 25-3514, 2026 WL 184241, at *2 (3d Cir. Jan. 23, 2026) (per curiam).

Finally, Anderson says an award of sanctions under Rule 37(b)(2)(C) is unjust because she "ultimately complied with the deposition order." Anderson, however, didn't ultimately comply with the relevant order, which required her to sit for a deposition on November 7. (Oct. 29, 2025, Order at 1, Dkt. No. 73.) That Anderson eventually attended a court-ordered deposition on December 19 doesn't change the fact that she

3

violated the Court's previous order by failing to show up for her deposition on November 7.

2

Anderson won't suffer irreparable harm absent a stay. She first contends the award—$5,316.00—presents a significant burden. But financial injury alone doesn't constitute irreparable harm, even in the Rule 37 context. *Morton v. Beyer*, 822 F.2d 364, 372 (3d Cir. 1987); *E. Maico Distribs., Inc. v. Maico-Fahrzeugfabrik, G.m.b.H.*, 658 F.2d 944, 948 (3d Cir. 1981) ("No irreparable harm is suffered by the party if it must pay [an award of] expenses [under Rule 37] immediately and then await final adjudication of the claim."). And Anderson doesn't claim $5,316.00 effectively prevents her from continuing to litigate her case.

Anderson next says she won't be able to recover the $5,316.00 following final judgment should the Third Circuit Court of Appeals reverse the Court's Rule 37(b)(2)(C) order. True, a monetary harm that cannot be redressed by a legal or equitable remedy following final judgment may qualify as irreparable. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). But payments for discovery violations can be recovered after a successful appeal. *See, e.g.*, *Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co.*, 742 F.2d 369, 370 (7th Cir. 1984). Anderson, moreover, doesn't claim the Bartiz defendants' counsel "would be unable to repay the sanction if on later appellate review the court's order is ultimately found to be improper." *M.A. Mortenson Co. v. United States*, 877 F.2d 50, 52 (Fed. Cir. 1989) (order).

4

3

The Court cannot say whether issuing a stay would substantially injure the defendants, but even if it wouldn't, this factor is outweighed by the other three.

4

The public interest strongly disfavors a stay. Anderson violated a court order for no good reason and with full knowledge of the consequences. And her disobedience spawned: (1) an in-person deposition at the courthouse, during which the Court diverted time from a previously scheduled summary-judgment hearing to adjudicate Anderson's numerous objections, (2) unsuccessful motions seeking the Court's recusal, (3) an equally unsuccessful application to the Third Circuit Court of Appeals for a writ of mandamus seeking the Court's recusal, (4) the underlying motion for sanctions and (5) this motion for a stay. The public interest in promoting the fair and prompt administration of justice and guarding judicial authority weighs heavily in favor of declining Anderson's motion.

BY THE COURT:

*/s/ Gerald J. Pappert*

Gerald J. Pappert, J.

5